Patricia J. Brown and Robert G. Brown, Plaintiffs-Appellees, v. Board of Zoning Appeals of City of Rock Island, a Municipal Corporation, Defendant, James Nies, Intervenor-Appellant.

Gen. No. 11,222.

Second District, Second Division.

April 17, 1959.

Released for publication May 5, 1959.

Stephen C. Miller, of Rock Island, for James Nies, intervenor-appellant.

Stewart R. Winstein, and Harrison H. Kavensky, both of Rock Island (Harrison H. Kavensky, of counsel) for Patricia J. Brown and Robert G. Brown, plaintiffs-appellees.

PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Rock Island County reversing the decision of the Board of Zoning Appeals of the City of Rock Island on an application by plaintiffs for a variance in the side yard line requirements of the zoning ordinance of said city. The Board, after appropriate hearing, denied the request of the plaintiffs for a variance and ordered cessation of construction. The plaintiffs then filed a complaint in the Circuit Court seeking an administrative review of the Board's ruling. Thereafter, the intervenor's motion to intervene was allowed and his answer filed. The Circuit Court, on administrative review, reversed the Board and ordered that the requested variance be granted and that a building permit be issued accordingly. The intervenor has taken an appeal to this court but the Board of Zoning Appeals has not and is not now represented before this court.

Plaintiffs are the owners of a house and lot in the City of Rock Island, the lot measuring 65 feet in width and 135 feet in length and the intervenor is the owner of a house and lot immediately east of plain-

tiffs' lot and abutting thereon. Plaintiffs made application and received a building permit from the building inspector of the city permitting construction of an attached garage on the east side of their residence next to the intervenor. The sketch accompanying the application for the permit showed the proposed garage to be 5 feet from the side lot line and the building permit approved such construction as proposed. After plaintiffs had started construction of the garage the building inspector notified plaintiffs to stop construction, stating that the garage was in violation of the side yard requirements of the zoning ordinance in that it was only 4.4 feet from the side lot line. On the same day, plaintiffs filed an application with the Board of Zoning Appeals requesting a variance of the ordinance to the extent that said side yard line requirement be reduced to 4.4 feet.

The building inspector was actually in error in permitting the 5 foot side lot line requirement, for the applicable provision of the zoning ordinance of the city required that for each side of the main building there shall be a side yard of 5 feet or 10% of the width of the lot whichever is larger, that for an accessory building in the rear and not attached to the main building the side yard requirement shall be 3 feet. In summary of this particular provision, it might be stated that since plaintiffs' lot was 65 feet wide the side yard requirement was 6½ feet for an attached garage and for an unattached garage the side yard requirement was 3 feet.

Article XVI, Section 4 of the Ordinances of the City of Rock Island provides that the Board of Zoning Appeals shall have power to authorize a variance of the application of the zoning ordinance as follows:

"Section 4. Where there are *practical difficulties or unnecessary hardships* in the way of carrying out the *strict letter of this ordinance,* the Board may authorize

275

a variation of the application of the use, height and area regulations so that the *spirit of the ordinance shall be observed,* public safety and welfare secured, and *substantial justice done.*" (Emphasis supplied.)

"Para. 6. To authorize a variance where, by reason of exceptional narrowness, shallowness or shape of a specific piece of property or by reason of exceptional topographical conditions or other extraordinary or exceptional situation or condition of a specific piece of property, the strict application of any provision of this ordinance *would result in peculiar and exceptional practical difficulties and particular hardship* upon the owner of such property and *amount to a practical confiscation of such property,* and not a mere *inconvenience* to such owner, *provided* such relief can be granted without *substantial detriment to the public good* and without *substantially impairing the general purpose* and intent of the comprehensive plan as established by the regulations and provisions contained in this ordinance." (Emphasis supplied.)

And in paragraph 7 of said section the Board is authorized to grant variations on appeal:

". . . whenever a property owner can show that a strict application of the terms of this ordinance . . . will impose upon him practical difficulties or particular hardship . . . but only *when the Board is satisfied that a granting of such variation will not merely serve as a convenience to the applicant* . . ." (Emphasis supplied.)

The intervenor contends that the plaintiffs failed to prove such "practical difficulties or unnecessary hardships" required by the ordinance to authorize the granting of a variance and that in reversing the Board of Zoning Appeals, the trial court erred and substituted its judgment for that of the Board.

The plaintiffs contend that they did suffer "practical difficulties and unnecessary hardships" in respect

to their property requiring that a variance be granted, and the trial court's granting of such variance complied with substantial justice thereby alleviating the hardship without any great detriment to the public or the intervenor.

■ The burden of proof in this case is upon the plaintiffs to show clearly by competent evidence that they are entitled to the variance requested, and that they have met the requirements imposed by the ordinance. The court cannot substitute its judgment for that of an impartial legislative or administrative body and where there is room for a fair difference of opinion such findings will not be reversed. Dunlap v. City of Woodstock, 405 Ill. 410, 91 N.E.2d 434; Reitman v. Village of River Forest, 9 Ill.2d 448, 137 N.E.2d 801.

The Supreme Court in Krom v. City of Elmhurst, 8 Ill.2d 104, 133 N.E.2d 1, stated that the question of whether the application of the provisions of a zoning ordinance to a given parcel of land is arbitrary, unreasonable and capricious and whether it is reasonable and bears a substantial relation to the public welfare is subject to review by the courts and of necessity each case must be decided upon its own particular facts.

■ The law is well settled that where there is ground for legitimate differences of opinion the decision of the administrative board will not be disturbed. Downey v. Grimshaw, 410 Ill. 21, 101 N.E.2d 275; Baird v. Board of Zoning Appeals of City of Kankakee, 347 Ill. App. 158, 106 N.E.2d 343.

The intervenor demands that this court follow the strict letter of the law under an ordinance which does not require it. The ordinance specifically provides that where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the ordinance, the Board may grant a variance so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial jus-

tice done and further authorizes a variance when the strict application of it would result in peculiar and exceptional practical difficulties and particular hardships upon the owner of property provided such relief can be granted without substantial detriment to the public good.

After the plaintiffs paid the $7 building permit fee and received the permit from the building inspector of the City of Rock Island, they started construction of their garage and expended approximately $1,000 when they were notified and directed to discontinue construction. Plaintiffs' property is located at 3857 27th Avenue, and there is a document in the record signed by twenty-six owners of property in the 3800 block on 27th Avenue indicating that such owners had no objection to the construction of the attached garage and considered the garage to be an improvement to plaintiffs' property. There is no evidence which would in any way indicate that the intervenor's property would be adversely affected by the granting of the variance.

There have been many cases cited to us on the question of estoppel in the briefs both for plaintiffs and intervenor, most of which are conflicting and not factually in point. We do not feel that the question of estoppel is a determining factor for a proper decision in this case for the reason that the record discloses that the plaintiffs have shown conclusively that they are entitled to a variance even under a very strict interpretation of the zoning ordinance.

The ordinance here in question specifically authorizes the Board to grant a variance where there are practical difficulties or unnecessary hardships in carrying out the strict letter of the ordinance. The ordinance further provides that such variance shall be granted where it can be done without substantial detriment to the public good and without substantially impairing the general purpose of the ordinance, and

278

further provides that a variance may be granted so that the spirit of the ordinance shall be observed, public safety and welfare secured, and substantial justice done.

██ ██ The grant or refusal of a variation by a Board of Zoning Appeals is subject to judicial review; the hearing and determination extend only to the questions of law and fact presented by the record before the court, and the decision of the Board will not be disturbed where there is competent evidence which tends to support its action, 10 I. L. P. Cities, Villages, etc., Section 1152.

The record before us is void of any evidence tending to show that the granting of the variance will in any way create a safety hazard or that it will in any way affect the health or safety of the community. The record is likewise barren of any evidence whatsoever that the granting of the variance will cut off any of the intervenor's easement as to light or air, or in any way depreciate the value of the intervenor's property.

██ We are of the opinion, that under the facts and circumstances disclosed in the record before us in this case, that the variance should be granted for the reason that the refusal to do so has the effect of depreciating the value of the plaintiffs' property without any corresponding benefit to the public in general or to the intervenor. The evidence in the record supports the contention of the plaintiffs and the findings of the trial court that the refusal of the Board to grant the variance imposes on the plaintiffs a considerable hardship, and the record is completely void of any evidence tending to show that the granting of the variance would impose any hardship on the intervenor or the public in general, or that the granting of such variance would create any safety or health hazard affecting the intervenor or the public in general.

A consideration of all of the facts and circumstances in this case impels the conclusion that the finding of the Board of Zoning Appeals and its order refusing the variance is not supported by the evidence, and that the trial court was correct in reversing the decision of said Board.

For the reasons herein stated, the order of the Circuit Court of Rock Island County, Illinois, reversing the decision of the Board of Zoning Appeals of the City of Rock Island is affirmed.

Affirmed.

CROW and SOLFISBURG, JJ., concur.