166 So.2d 520 (1964)
STATE of Louisiana ex rel. Mel JACOBSON
v.
The CITY OF NEW ORLEANS, the DEPARTMENT OF SAFETY & PERMITS, DIVISION OF REGULATORY INSPECTIONS, and Bernard J. McCloskey, Director.
No. 1500.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1964.
Steeg & Shushan, Moise S. Steeg, Jr., and Jacqueline McPherson, New Orleans, for plaintiff-appellant.
Alvin J. Liska, Jackson P. McNeely and Posey R. Bowers, New Orleans, for defendants-appellees.
Before SAMUEL and HALL JJ., and CHRIS T. BARNETTE, J. Pro Tem.
HALL, Judge.
On January 8, 1964 plaintiff filed suit in which he prayed for:
a) An alternative writ of mandamus directed to the City of New Orleans, Department of Safety and Permits and Bernard *521 J. McCloskey, Director, commanding said Department to issue to petitioner a permit for the use and occupancy of certain premises in the City of New Orleans as a trailer court; and
b) A preliminary injunction directed to the above named defendants enjoining them from interfering with the performance of work on the premises by plaintiff "in conformity with the purposes for which said land is presently zoned."
The allegations of plaintiff's petition are substantially as follows:
1. That he is the owner of certain vacant property in the City of New Orleans bearing the zoning classification "F".
2. That on June 20, 1963 he made application to the proper department of the City of New Orleans for a "Use of Land Only" permit, permitting him to use said premises for a trailer court.
3. That thereafter he caused certain plumbing work to be performed on the premises, which work was duly inspected and approved by the proper authorities.
4. That he has engaged Stewart Electric Works to perform certain electrical work on the premises but the said Stewart Electric Works has been advised by the Division of Regulatory Inspections of the Department of Safety and Permits not to perform the work requested by petitioner.
5. That the City of New Orleans through Bernard J. McCloskey, Director of the Department of Safety and Permits, Division of Regulatory Inspections has advised the employees of his office not to permit the completion of the electrical work and to deny petitioner a final "use and occupancy permit."
6. That Article XV, Section 2(17) of the City Zoning Ordinance provides that land zoned "F" may be used for tourist courts and trailer parks, and that petitioner has complied in all respects with the requirements for the issuance of a permit authorizing a trailer park on his property.
7. That the requested permit has been denied him because there is presently pending an ordinance proposing a change in the zoning classification so that trailer parks could not be located thereon.

8. That there is no ground for refusing him the requested permit and that such refusal is arbitrary and capricious and that the issuance of such a permit is purely a ministerial duty which the City, through the Department of Safety & Permits is required by law to perform.
The petition concludes with a prayer for an alternative writ of mandamus and for a preliminary injunction, as previously indicated.
The alternative writ of mandamus was made returnable on January 17, 1964 at 10:30 A.M. and the rule nisi for a preliminary injunction was set for trial at the same time.
The hearing was reset for January 15th on written motion of plaintiff "so the rights of mover may not be prejudiced by delay" but was subsequently continued to January 31st by agreement of counsel.
It is obvious that the reason plaintiff wanted the hearing set for January 15th was that he feared the City Council might at its next meeting adopt a then pending amendment to the zoning ordinance which would forbid trailer courts on property having an "F" zone classification. He states in his brief that he consented to the City's request for a continuance to January 31st only upon an agreement with the City that the case would be tried as though an amending ordinance was never adopted.
As a matter of fact the pending ordinance was adopted by the City Council on January *522 16, 1964, was approved by the Mayor on January 17 and became effective at 11 A.M. on January 17. It amended Article XV Section 2(17) of the General Zoning Ordinance by eliminating trailer parks from the list of businesses permitted in Zone "F".
On January 31st the case was argued and submitted on exceptions filed by defendants as follows:
1) Exception of improper cumulation of actions.
2) Exception of no cause of action "as concerns the prayer for injunction"; and
3) Exception of no cause or right of action "as concerns the prayer for mandamus."
On February 4, 1964 while the matter was under submission, plaintiff, with leave of Court, filed a supplemental petition in which he eliminated all reference to a mandamus but prayed for an injunction on the same grounds stated in his original petition. In an accompanying memorandum he stated that he had reached the conclusion (apparently because of the passage of the amending ordinance) that the Court could not issue a mandamus "at this time" and had therefore submitted the amendment "dismissing the mandamus proceedings." In accordance with the supplemental petition a new rule nisi for a preliminary injunction was set for hearing for February 14, 1964 but on that date the Trial Court rendered judgment on the exceptions filed to the original petition and as a consequence the rule was continued indefinitely.
In its judgment rendered February 14, 1964 the Court overruled the exception of improper cumulation of actions, maintained "the exception of no cause and no right of action" and dismissed plaintiff's suit at his cost. Plaintiff prosecutes this devolutive appeal from that judgment.
Plaintiff's action in filing the supplemental petition and accompanying memorandum constituted an abandonment of his prayer for mandamus and thus rendered moot defendants' exceptions of improper cumulation of actions and no cause or right of action "as concerns the prayer for mandamus". We therefore have left for consideration only the exception of no cause of action directed at the petition for injunction.
It appears that trailer courts or "trailer parks" were permitted in Zone "F" both at the time plaintiff made application for a "use permit" and at the time he filed suit; but before the matter was heard by the Court the zoning ordinance had been amended so that they were no longer permitted, and were therefore forbidden, in that zone. Plaintiff apparently takes the position that his rights should be determined under the law as it existed before adoption of the amending ordinance. He states in his brief that while the suit was pending but before the amending ordinance was adopted a continuance was requested by the City Attorney which he granted only upon the agreement and stipulation that the case would be tried "as though the amending ordinance was never adopted." The City Attorney entertains a different view of the agreement, but it is immaterial what their agreement was. No agreement made by them could suspend whatever effect the amending ordinance would otherwise have on plaintiff's property, nor could the amendment be ignored by the Trial Judge who was obliged to take judicial cognizance of the ordinance. (See LSA-R.S. 13:3712, as amended.)
Assuming arguendo, but not deciding', that plaintiff's petition stated a cause of action under the law as it existed before the amendment, it cannot be successfully urged that it states a cause of action if the amending ordinance is applicable to the case. For, if the amending ordinance is applicable, the injunction prayed for, if issued, would have the effect of enjoining enforcement of the ordinance, and it is well settled that a Court is without power *523 to enjoin the enforcement of a penal ordinance unless the ordinance is manifestly invalid or unconstitutional and then only to protect a property right. Plaintiff's application for a "`use permit" is not a property right which would be protected by injunction, nor does plaintiff contend that the amending ordinance is itself invalid or unconstitutional.
It is therefore clear that plaintiff's petition does not state a cause of action if the amending ordinance is to be considered.
Since the amending ordinance contains no exceptions it would apply to plaintiff's property use from the moment it became effective unless, (he contends) the result of such application would be to deprive him of a vested right.
In State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159 the Supreme Court said:
"The ordinance, now before us, is sufficiently broad in its terms to prohibit the issuance of the permit here prayed for. The question is whether the council had a right to prohibit the issuance of permits previously applied for, though not granted, such as the permit in this case. We think that the council had such right. Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of such application which would prohibit the issuance of the permit." (Emphasis supplied)
See also State ex rel. Shaver v. Mayor and Councilmen of Town of Coushatta, La.App., 196 So. 388; 62 C.J.S. Municipal Corporations § 175.
In State ex rel. Civello v. City of New Orleans, 154 La. 271, 97 So. 440, 33 A.L.R. 260, the ordinance in question was adopted the day after the suit was filed. The Court said in that case:
"Relator's argument that the Ordinance No. 6689 cannot govern this case without having a retroactive effect is not well founded. It is based upon the idea that relator, by applying for the permit, and by filing this mandamus suit to compel the issuance of the permit, became invested with an absolute right to the permit, which could not be divested by any subsequent legislation by the municipal council * *. Even if we should say that he [the city architect] was wrong in refusing to issue the permit, the effect was not to stay the authority of the municipal council to legislate upon the subject * * *."
In State ex rel. Stephens v. Kees, La. App., 110 So.2d 172, the Court said:
"The issuance, vel non, of a building permit is unquestionably an exercise of police power. Therefore, relator, if issued such a permit, acquired thereby no vested right to proceed under the permit contrary to later official action canceling the permission previously given. * * *."
Plaintiff urges that since he paid for an application for permit and installed plumbing on his property the City is estopped "from affecting the rights of this property owner."
A somewhat similar argument was made in City of New Orleans v. Lafon, La.App., 61 So.2d 270, and this Court's predecessor held that the fact that the Sewerage and Water Board of the city had approved plumbing installations made on property being used as a trailer court did not estop the City from contending that the operation of the court was in violation of the zoning law.
For the foregoing reasons the judgment appealed from is affirmed.
Affirmed.