LeSUEUR, Judge.
Petitioner appeals from a judgment dismissing her petition for an injunction to prohibit the rezoning of property.
On April 21, 1967, petitioner, through her attorney, allegedly entered into an agreement to purchase Lots 25, 26 and 27 of Square 12, Parish of Jefferson, bounded by Marmande, Newton, and Richard Streets and the western boundary of the Illinois Central Railroad right-of-way. At that time the property was zoned R-3 (multifamily residential) and the purchase was allegedly conditioned on the property retaining its R-3 classification. On July 25, 1967, an application for a permit was filed for a 30 apartment building to be built on Lots 25, 26, and 27, Square 12, the application listing the owners of the property as Foreman-Nelkin. This permit was denied because the plans failed to provide sufficient off-street parking for the proposed building. An appeal was taken to the Zoning Appeals Board and was denied on August 23. On August 24, the Parish Council authorized a study to consider rezoning of a 20 acre tract including the lots petitioner claims to own. On August 25, a revised application for a building permit for a 28 apartment building was filed which *143 named Foreman-Nelkin as owners of Lots 25, 26, and 27, Square 12. The permit was refused on August 28 because the area was under study for rezoning but apparently all other objections to its issuance had been or could have been resolved. Petitioner alleges to have then taken title to the property by an act of sale on August 31. On September 27, a public hearing was held by the Planning Department to discuss the proposed zoning change. As a result of the study, the Department recommended that the R-3 classification of the 20 acre area be reclassified R-l and the Parish Council adopted a resolution to this effect on December 7. Petitioner filed this suit on December 22, 1967.
Petitioner claimed that she had a vested property right in the zoning classification of the property remaining R-3 as it was at the time she allegedly purchased the property. Petitioner also claimed that the Parish Council did not have sufficient bases to reclassify the property and that they violated the jurisprudential guidelines laid down by this court in Dufau v. Parish of Jefferson, 200 So.2d 335 (La.App.1967).
Respondent filed exceptions of no right or cause of action stating that petitioner had not proven that she was the owner of the property designated as Lots 25, 26, and 27, Square 12, and, therefore, had not proven that she had a real interest to bring this suit. Exceptions of no right or cause of action were also filed stating that petitioner did not allege a grievance since she purchased the property after the zoning study was proposed and she purchased subject to any zoning reclassification resulting from that study.
The trial judge deferred ruling on respondent’s exceptions until after a trial on the merits. He rendered judgment against petitioner dismissing her action based on his finding that' petitioner had not shown that the Parish Council acted in an arbitrary or capricious manner in rezoning the property that included hers, that she had not been denied any constitutional rights, nor had she suffered a financial loss. The trial judge also specifically ruled that the Dufau case relied on by the petitioner was not applicable. He did not rule on respondent’s exceptions although he noted that “at least one appears to be well taken.”
This court finds that there were sufficient reasons presented for respondent’s exception of no right of action to be ruled upon. Prior to the injunction action listing petitioner as owner, the applications for building permits and Zoning Appeals Board hearing had named Nelkin and Foreman or Nelkin as owner(s). Mr. Nelkin, attorney for plaintiff, alleged in his petition and at the hearing of the matter that petitioner was the true owner but did not produce evidence substantiating this fact. This failure to substantiate his client’s interest in the property and her right to sue therefor is even more difficult to understand in the face of respondent’s opposition. This matter could have been easily avoided by attaching a copy of the act of sale to the petition for injunction or by introducing same at the trial. In the interest of justice and of minimizing litigation, however, rather than rule on the exception, we will rule on the merits of the case as did the trial judge. Dismissal of the action for failure to show proof of title would delay a final determination of the matter as petitioner could merely file a new action and attach to it a copy of her title, if she is in fact the record owner. We will assume for the basis of our opinion that petitioner had proven her title and did have an interest in this litigation, although as stated before, this fact has not been proven.
Allegedly petitioner purchased Lots 25, 26, and 27, Square 12, by act of sale dated August 31,1967. This was seven days after the Parish Council ordered a study of a 20 acre tract, including these lots, for the purpose of zoning reclassification. This fact was known by Mr. Nelkin no later than August 28, when he was informed that the requested building permit would not be issued because of the study, being undertaken. The sale was nevertheless finalized on August 31st. Petitioner claims that the *144 purchase agreement signed on April 21st, which was to be finalized on August 15th but was not actually finalized until August 31st, was a binding obligation that she had to fulfill. While this may be true, it does not have a bearing on the present injunction action. If petitioner did in fact suffer any financial loss as a result of the zoning reclassification and its subsequent bar to her intended use of the property, an injunction action to prohibit a reclassification of the property is not petitioner’s proper remedy.
Petitioner alleges that the Parish Council did not have sufficient bases for the reclassification and that they violated the guidelines laid down by this court in the Dufau case. In the Dufau case this court found that the square in question had been classified as commercial in 1960 and that 13 of the 32 lots were actually being used for commercial purposes, including the lots surrounding Dufau’s property. The court then held:
“Applying the above test, the conclusion is inescapable that Appellees’ property is surrounded by commercial activity and, under the circumstances, their property would be completely valueless as residential property and would, in fact, be practically unsalable. After the Jefferson Parish Council in 1960 amended the original zoning ordinance and made the Square Commercial, it should have taken into consideration whether or not the property was, in fact, being utilized for commercial purposes, or whether there was such a change in the development in the Square that the original reclassification to Commercial in 1960 was erroneous before proceeding with the 1966 reclassification.”
We agree with the trial judge that the Dufau case presents a different situation from that presented here. In the present case the Parish made a study of a 20 acre tract including Lots 25, 26, and 27, Square 12, and based on that study the Planning Department recommended that the entire area be rezoned R-l. When asked about Marmande Street in particular, Mr. Ford, the Department’s Chief Planner, stated that the only additional development on Mar-mande Street had been single family residential. Since the principal development of the 20 acre tract subject to the study had also been primarily single family residences, a reclassification had been recommended and the Parish Council adopted that recommendation on December 7, 1967, in the form of Ordinance #8566, reclassifying the area, including the property in question on Marmande Street, as R-l (single-family residence). The property had been classified as R-3 on January 27, 1966, as a result of another study which had shown that the larger area then studied had not developed commercially as it was zoned but as four-plex structures and the area then studied had been reclassified as R-l and R-3 with the property in question being R-3.
Petitioner claims that she:
“ * * * had a property right in the R-3 multi-family residential zoning classification on the property she purchased. This classification made the property substantially more valuable than it would be as R-l single family property. The fact that four single family residences could be built on the lots as compared with twenty-eight apartment units should make it clearly evident that the action of the Council has deprived the appellant of most substantial property without any compensation. The fact that the property can be sold for some price, however small, cannot possibly, equitably, be a justification for the action of the appellees.”
The trial judge properly decided against petitioner on that point when he held:
“Generally, a property owner has no vested right in zoning; unquestionably, this is true in the instant matter. Rose Glickman, purchased the lots after the Council ordered the reclassification study and had no assurance that the classification would remain R-3.
*145 Plaintiff can either use the three lots for R-l purposes or else sell the property. There is no evidence indicating that the lots are less valuable now that they are classified R-l than before when they were R-3.”
In the case of State ex rel. Manhein v. Harrison, 164 La. 564, 114 So. 159, 163 (1927), the court stated:
“The ordinance, now before us, is sufficiently broad in its terms to prohibit the issuance of the permit here prayed for. The question is whether the council had a right to prohibit the issuance of permits previously applied for, though not granted, such as the permit in this case. We think that the council had such right. Every one holds his property subject to the police power. Because a person applies for a permit at a time when it might be lawfully granted does not give him a vested right to the permit. An ordinance may be validly passed after the making of such application which would prohibit the issuance of the permit.”
This point was cited in a recent case decided by this court, State ex rel. Jacobson v. City of New Orleans, Dept. of Safety and Permits, 166 So.2d 520, 523 (La.App.1964).
This court finds that petitioner did not have a vested right in the zoning classification of the property in question remaining R-3 nor in having a permit granted during the time of the reclassification study. Petitioner purchased the property after her attorney had actual knowledge of the study for possible zoning reclassification and the trial judge was correct in ruling that petitioner purchased subject to the findings of the study and the subsequent actions of the Parish Council and other Parish agencies as a result of that study.
The judgment in favor of respondents against petitioner, dismissing petitioner’s action with prejudice, is affirmed. Costs of this appeal are assessed against petitioner.
Affirmed.