WALTER ASBACH, Plaintiff-Appellee, *v.* ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.,* Defendants-Appellants.

(No. 54229; )

First District—April 8, 1971.

Richard L. Curry and Raymond F. Simon, Corporation Counsel, of Chicago, (Marvin E. Aspen and Marsile J. Hughes, Assistant Corporation Counsel, of counsel,) for appellants.

John J. O'Toole, of Chicago, (Concannon, Dillon, Snook & Morton, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff applied to the Building Department of the City of Chicago for a permit to erect a manufacturing building on a triangular lot at the corner of Northwest Highway and Seminole Street. The permit was refused for the reason that the contemplated construction did not leave room for a transitional yard or a setback of 20 feet as required by the applicable zoning ordinance, and for the further reason that the plaintiff failed to provide off-street parking and loading facilities as required by the ordinance. The property involved is described as an isosceles triangle with 155.7 feet along Northwest Highway and the same footage along Seminole Street. The property is located in an area zoned "M1-1" in which a factory building is a permitted use.

Upon denial there was an appeal to the Zoning Board of Appeals and a request for a variance. The effect of granting the variance would be to waive the 20-ft. setback and to decrease the required number of parking spaces. After hearing, the Zoning Board of Appeals denied the request for variance. Administrative review in the Circuit Court of Cook County resulted in a judgment of that court reversing the Zoning Board of Appeals and ordering the Commissioner of Buildings of the City to issue the permit as originally requested. This appeal is from that judgment of the circuit court.

The record before us indicates that the plaintiff began negotiations for the purchase of the subject property in 1967, and that he acquired title to the lot in January of 1968 for a purchase price of $28,500. The lot consists of 8,100 square feet and the proposed building would occupy 6,800 square feet.

The evidence is to the effect that other triangular shaped lots are developed without compliance with the yard requirements made applicable to this lot because of its proximity to a residential area on the north.

A witness for the plaintiff, John McNamara, testified for the plaintiff as to a familiarity with other property in the area, its development within the "M1-1" zoning classification, and described the single-family

residence development behind or to the north of the subject property. This witness, whose qualifications as a real estate broker and appraiser were stipulated, stated that the subject lot was worth the purchase price if the variance were to be approved. He further testified that as of the date of the purchase by the plaintiff, in his opinion, the lot would have a value of between $12,500 and $15,000. The substance of his testimony was that the property could not yield a reasonable return at the price paid for it without the variance, and that the price paid for it was too high to yield a reasonable return under the existing zoning.

■■ Paragraph 11.7—1 of Art. 11 of the Chicago Zoning Ordinance makes provision for the granting of a variance by the Board of Appeals under certain circumstances. Essentially, this provision of the zoning ordinance is a restatement of the provisions of the applicable statute found in sec. 11—13—4 of ch. 24, Ill. Rev. Stat. 1967. This statute provides variations shall be permitted only when they are in harmony with the general purpose and intent of the regulations and requires that a grant of a variation shall require evidence that the property cannot yield a reasonable return under the imposed regulations; that the plight of the owner is due to unique circumstances; and that the variation, if granted, will not alter the essential character of the locality. These requirements are stated in the conjunctive—not the disjunctive—and each of the conditions precedent to the grant of a variance must be satisfied.

In addition to the foregoing, the City of Zoning Ordinance, in stating the standards, in two of the six conditions, provides that the Board of Appeals shall take into consideration the extent to which the evidence establishes that the purpose of the variation is not based exclusively upon a desire to make more money out of the property and that the alleged difficulty or hardship has not been created by any person presently having an interest in the property.

This record is wholly insufficient to satisfy the burden placed upon the plaintiff by the statute and by the ordinance. It is clear from the record and from the plaintiff's own witness that the inability to get a reasonable return is not based upon the burdensome effect of the zoning ordinance but upon the fact that the plaintiff paid more for the property than it was worth as zoned. His expectation that he could obtain the variance apparently resulted in his payment of a price greater than the value as zoned. The alleged hardship was created by the plaintiff and not by the zoning ordinance. In *Sokolis v. Zoning Board of Appeals of Springfield* (3rd Dist. 1959), 21 Ill.App.2d 178, 157 N.E.2d 427 (Abstr.), this court considered a case wherein the purchasers paid more than the then worth of property in the expectation of a zoning change or grant of variance. It was there observed that since the plaintiffs deliberately and

knowingly put themselves into the position of which they were then complaining, it was difficult to understand the reasoning of the circuit court in its holding that the plight of the plaintiffs was due to unique circumstances. The observations of the court there are most appropriate here.

The plaintiff asserts that the circuit court properly reversed the decision of the Zoning Board of Appeals and refers us to *Rosenfeld v. Zoning Board of Appeals of Chicago* (1st Dist. 1958), 19 Ill.App.2d 447, 154 N.E.2d 323; *International Harvester Co. v. Zoning Board of Appeals of Chicago* (1st Dist. 1963), 43 Ill.App.2d 440, 193 N.E.2d 856; *Kotrich v. Du Page County* (1960), 19 Ill.2d 181, 166 N.E.2d 601; *Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Board of Appeals of Chicago* (1962), 25 Ill.2d 65, 182 N.E.2d 722. Those cases are far from determinative of the issue here presented. In some the issue relates to special use, and in the *Columbus Park Congregation* case the court was considering a denial of a special use permit for a church and discussed the issue in the context of the first amendment—freedom of religion.

In view of the conclusion we have reached with reference to the total failure of proof that the property cannot yield a reasonable return and that the plight of the owner is not due to unique circumstances, we need not discuss the requirement that the variation, if granted, would not alter the essential character of the locality. Likewise, it is unnecessary to discuss the jurisdiction of the Zoning Board to grant the variance as to the parking spaces.

■■ The unanimous finding by the Zoning Board of Appeals that the proof presented indicates no hardship, no unique circumstance, was correct. See: *Ziman v. Village of Glencoe* (1971), 132 Ill.App.2d 399 270 N.E.2d 537; *Bayer v. Zoning Board of Appeals of Chicago* (1st Dist. 1970), 126 Ill.App.2d 374, 261 N.E.2d 791. For the reasons stated, the judgment of the Circuit Court of Cook County is reversed and the cause remanded with directions to the trial court to affirm the order of the Zoning Board of Appeals.

Judgment reversed; cause remanded with directions.

SMITH, P. J., and TRAPP, J., concur.