HANNAH ZIMAN, Plaintiff-Appellee, *v.* VILLAGE OF GLENCOE *et al.,* Defendants-Appellants.

(No. 53514;

First District—April 8, 1971.

Yowell & Yowell, of Chicago, (G. Kent Yowell, E. Douglas Schwantes, and James D. Latturner, of counsel,) for appellants.

Gerald E. Frank, of Chicago, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In September of 1965, plaintiff, a speculator in real estate, acquired title to an unimproved lot in Glencoe, Illinois, by paying delinquent taxes. The lot, as originally platted, was 30 x 130 feet, but in 1932, 15 feet were taken for a right-of-way easement, so that the lot as acquired by the plaintiff was 30 x 115 feet. Under the Glencoe Zoning Ordinance the lot was zoned "D" Residential which would permit of single or multiple-family residences. The latter would require certain lot areas not here available. Plaintiff made application to erect a two-unit town house on the property. Upon denial of that application by the Building Commissioner, she appealed to the Zoning Board of Appeals and requested several variations since the applicable zoning ordinance requirements were not met under her proposed improvement.

The request for variance related to a reduction of side yard requirements from five feet to four feet for both side yards and a reduction of the required lot area for a two-family multiple dwelling from 3,600 square feet to 3,450 square feet and an increase in the intensity of lot use. It also appears that there was some difficulty of compliance with the ordinance as it related to parking spaces, access and maneuvering area.

After hearings the Zoning Board of Appeals denied the requested variances and in so doing made certain findings of fact. The findings of fact related to noncompliance with the parking space requirements, the inadequacy of the proposed improvement with reference to minimum living space, and further found that there was no evidence of a lack of land in the Village of Glencoe for multiple dwellings that could be built in full compliance with the ordinance; that there was no demonstrated financial hardship to the plaintiff; that there had been no multiple-dwell-

ing construction on lots of 30-ft. width; and that the lot could be used for a single-family residence without the necessity for variance.

The Zoning Board further noted that the land was acquired by the plaintiff after the effective date of the amended Glencoe zoning ordinance; that the evidence adduced did not show any particular hardship on the plaintiff; and that at no time since the plat of subdivision of the lot in 1889, could the proposed construction have been permitted within the terms of the existing Village ordinances. Upon administrative review from the denial of variance to the Circuit Court of Cook County, the court reversed. This appeal is from that action.

■■ The plaintiff had the burden of establishing that the requested variations would not change the essential character of the area; that the property in question would not yield a reasonable return if permitted to be used only under the conditions allowed by the regulations; and that the plight of the owner was due to unique circumstances. Such is the requirement of the ordinance and such is the statutory requirement as found in par.11—13—4 of ch. 24, Ill. Rev. Stat. 1967. Not only is the burden upon the plaintiff to establish these conditions precedent to a variance—she must also establish each by clear and competent evidence. (*Brown v. Board of Zoning Appeals of Rock Island* (2nd Dist. 1959), 21 Ill.App.2d 273, 157 N.E.2d 685.) This record is wholly insufficient to satisfy this statutory burden. The Zoning Board of Appeals was correct in its denial of the requested variance, and we must reverse the action of the circuit court.

The first condition precedent relating to the necessity of showing that the property in question cannot yield a reasonable return is left wholly unsatisfied. Plaintiff, through a witness called by her, one Louis Shapiro, affirmatively elected and refused to give any information as to the basis of cost to her of this unimproved lot. It is impossible to ascertain that a lot acquired in 1967 cannot yield a reasonable return if the record is devoid of any information that would constitute a foundation for determining a reasonable return. Such is the state of this record.

■■ The plaintiff apparently sought to show that the taking of the 15 feet for a right-of-way somehow or another created a unique circumstance. That taking was 34 years prior to the acquisition of title by the plaintiff. She knew or should have known of that taking when she acquired title. It does not satisfy the burden of establishing a unique circumstance.

■■ Finally, as to the third condition precedent, the record is clear that this property is situated in an area which for an eight-block radius is residential. Although there is some vacant property and some property used for park purposes, the fact is that the closest multiple-family struc-

ture to the subject property is 1½ blocks to the north along Glencoe Road and two blocks to the south, also along Glencoe Road. Thus, this variance, if allowed, could well be argued to constitute alteration of the essential character of the locality.

■■ Under the language of the applicable statute and the Glencoe ordinance, the Zoning Board of Appeals is granted discretionary authority to grant or deny a variance. When its action is sought to be reviewed, the court will not interfere with the exercise of such vested discretionary administrative authority in the absence of a showing that such was exercised in an arbitrary or capricious manner. *People ex rel. Stephens v. Collins* (1966), 35 Ill.2d 499, 221 N.E.2d 254; *Heft v. Zoning Board of Appeals of Peoria County* (1964), 31 Ill.2d 266, 201 N.E.2d 364.

Since this record is wholly insufficient to demonstrate that the decision of the Zoning Board of Appeals was either arbitrary or capricious, or against the manifest weight of the evidence, the subsequent reversal on administrative review by the circuit court was in error and is reversed, and the cause is remanded with directions to the trial court to affirm the order of the Board of Appeals.

Judgment reversed and cause remanded with directions.

SMITH, P. J., and TRAPP, J., concur.