HAROLD J. GOSLIN, Plaintiff-Appellant, *v.* ZONING BOARD OF APPEALS OF THE CITY OF PARK RIDGE *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 62440

Opinion filed June 22, 1976.—Rehearing denied July 13, 1976.

James R. O'Leary, of Chicago, for appellant.

Albert A. Klest, of Park Ridge, for appellees.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

Plaintiff, Harold J. Goslin, is the owner of a 3150 square foot lot with 25 feet of frontage in the City of Park Ridge. Present zoning requires 50 feet of frontage, minimum square footage of 6250 feet, and also sideyards of 4 feet. In order to obtain a building permit, variations are needed for front footage, square footage, and a sideyard variation to 2½ feet. Plaintiff was denied this at the Park Ridge Zoning Board of Appeals (Board). He filed a petition for administrative review (Ill. Rev. Stat. 1973, ch. 110, pars. 264-279) and received a similar unfavorable ruling from which he now appeals.

Plaintiff claims that his case presents a particular hardship under the statute and that he has fulfilled the three criteria necessary to determine hardship. The statute involved is section 11—13—5 of the Illinois Municipal Code (Ill. Rev. Stat. 1971, ch. 24, par. 11—13—5). That statute incorporates by reference the pertinent provision of the preceding section 11—13—4:

> "Variations shall be permitted by the board of appeals only when they are in harmony with the general purpose and intent of the regulations and only in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any of those regulations * * *. In its consideration of the standards of practical difficulties or particular hardship, the board of appeals shall require evidence that (1) the property * * * cannot yield a reasonable return * * *; and (2) the plight of the owner is due to unique circumstances; and (3) the variation, if granted, will not alter the essential character of the locality. A variation shall be permitted only if the evidence, in the judgment of the board of appeals, sustains each of the 3 conditions enumerated."

Plaintiff further argues that the instant case is governed by *Makel v. Zoning Board of Appeals* (1971), 2 Ill. App. 3d 360, 276 N.E.2d 485.

Plaintiff testified before the Board that he had been a builder and developer for eight to eleven years and was familiar with the building code and zoning ordinance prior to the time he purchased the lot in 1968. This lot was one of several he purchased in a package from 40 to 50 heirs. None of the other lots were in Park Ridge. He testified he has $4500 invested in the lot and real estate taxes are $100 a year. There are improved lots on both sides and one of those owners has offered $4500 to the plaintiff, but plaintiff has refused the offer maintaining the lot is worth $8500.

The statute is in the conjunctive and the express wording is that in order to establish the requisite hardship plaintiff must "sustain each of the three conditions enumerated." The first two elements, "reasonable return" and "unique circumstances," are so interwoven that we will consider them

together. Plaintiff contends his particular hardship is that his lot was platted prior to the zoning ordinance and with houses on both sides he is landlocked. He has a substantial amount of money invested and without the variations the property is unmarketable.

■■ ■ The mere fact that the property was platted prior to the enactment of the zoning ordinance does not give the purchaser any right to develop what has since become a substandard lot. (*Citizens Bank & Trust Co. v. City of Park Ridge* (1972), 5 Ill. App. 3d 77, 282 N.E.2d 751; *Klehr v. Zoning Board of Appeals of the Village of Skokie* (1974), 24 Ill. App. 3d 512, 516, 320 N.E.2d 498.) Plaintiff purchased the lot with full knowledge of the restrictive zoning. He received an offer to purchase the lot. (*Hyndiuk v. City of Chicago* (1973), 14 Ill. App. 3d 1057, 1061, 304 N.E.2d 6.) Plaintiff has deliberately and knowingly placed himself in the position of which he is now complaining. (*Asbach v. Zoning Board of Appeals* (1971), 133 Ill. App. 2d 22, 24-25, 270 N.E.2d 535.) The circuit court is authorized to set aside the findings of the Board if they are against the manifest weight of the evidence. (*Davern v. Civil Service Com.* (1970), 47 Ill. 2d 469, 269 N.E.2d 713.) An administrative finding may not be adjudged against the manifest weight of the evidence unless, from the record, it appears that an opposite conclusion is clearly evident. (*Sudduth v. Board of Fire & Police Commissioners* (1964), 48 Ill. App. 2d 194, 198 N.E.2d 705; *Petraitis v. Board of Fire & Police Commissioners* (1975), 31 Ill. App. 3d 864; 335 N.E.2d 126.) An opposite conclusion is not "clearly evident." The court was correct in its ruling.

Plaintiff contends the facts and circumstances as shown by the record do not vary in any substantial manner from *Makel*. Plaintiff, both in the trial court and on appeal, argues facets of the *Makel* case that are *dehors* the record in that appeal. For reasons upon which we cannot speculate, plaintiff in *Makel*, when he appeared before the Board, was already legally entitled to build on his 25-foot lot. The only question before the Board there was whether sideyards would be varied from 4 feet down to 2½ feet. This would allow plaintiff to erect a 20-foot wide house instead of an unsightly and unmarketable 17-foot house. In considering the criteria of "reasonable return" and the "plight of the owner due to unique circumstances" the court found that indeed a failure to grant a variation for the sideyard was a particular hardship.

■■ In the instant case plaintiff seeks not only a sideyard variation, but also the frontage and square foot variations. The *Makel* case is further distinguishable in that the property was a corner lot and, most significantly, in *Makel* plaintiff did not have a willing buyer at a price which would have permitted him to recoup his actual investment.

In urging reversal plaintiff asserts that the grant of a variation which

requests only a change in area, as distinguished from a change of use, requires less proof and is granted more readily. Plaintiff does not suggest how that general proposition applies here. Plaintiff still must comply with the statute which we have found he has failed to do.

Plaintiff claims the decision of the trial court was based on irrelevant facts. The irrelevant facts cited go to the issue of whether the decision of the Board was against the manifest weight of the evidence. (*Drezner v. Civil Service Com.* (1947), 398 Ill. 219, 75 N.E.2d 303.) In this regard the function of the trial court and of this court are identical. We, as did the trial court, believe the finding of the Board was not against the manifest weight of the evidence.

Plaintiff says he is not receiving equal protection (U.S. Const., amend. XIV; Ill. Const. art. I, §2) contending that *Makel* received different treatment under the same circumstances. We found above that *Makel* and the case at bar do not present the same circumstances.

■■ Finally, plaintiff claims the Board did not conduct a fair hearing. Certain testimony is cited where the Board, after hearing testimony of plaintiff, refused to hear an attorney for the objectors. Refusal to hear testimony adverse to plaintiff can hardly prejudice plaintiff.

Affirmed.

STAMOS, P. J., and HAYES, J., concur.