488 So.2d 1277 (1986)
Rebecca Montgomery, wife of/and Anthony A. SANCHEZ
v.
The BOARD OF ZONING ADJUSTMENTS OF the CITY OF NEW ORLEANS, The Department of Safety and Permits of the City of New Orleans, and the City of New Orleans.
No. CA-3697.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1986.
*1278 Hulse, Nelson & Wanek, Regel L. Bisso, New Orleans, for plaintiffs-appellees.
Chaffe, McCall, Phillips, Toler & Sarpy, Marc G. Shachat, James P. Farewell, New Orleans, for defendants-appellants.
Before SCHOTT, BARRY and ARMSTRONG, JJ.
ARMSTRONG, Judge.
Facts:
On February 15, 1984 Thomas Jahncke purchased a house located on three lots (part of 20, and lots B and 21) on Coliseum Street in Uptown New Orleans. Lot 21 constituted the side yard of the house. On May 25, 1984 Mr. Jahncke sold lot 21 to plaintiff Anthony A. Sanchez and his wife Rebecca Montgomery. Mr. Sanchez and Ms. Montgomery intended to build a single family dwelling for their own use on lot 21. Because their lot was smaller than that required by the zoning ordinances plaintiffs requested a variance from the Board of Zoning Adjustments ("Board"). The Board denied the variance. Plaintiffs appealed to New Orleans Civil District Court and the Garden District Association intervened. Prior to the hearing in Civil District Court plaintiffs entered into a consent judgment with the Board granting plaintiffs certain variances, allowing them to build the house. However, as the Garden District Association was still interested in preventing plaintiffs from building, a hearing was held on December 7, 1984. At the hearing all parties agreed to limit the hearing to a review of the Board's original denial of a variance to plaintiffs and ignore the consent judgment. After the hearing the trial court reversed the decision of the Board and granted plaintiffs the variance. In its reasons for judgment the trial court stated, "I think the conditions here met each and every one of the requirements [for a variance].... When you acquire then you have the right of use and any zoning ordinance that would totally prevent your right of use would have to be unconstitutional...."
Intervenor, the Garden District Association, appeals from that decision.
Appellant argues that the trial court could not reverse the Board's decision absent a finding that the Board acted arbitrarily or capriciously, or that it abused its discretion. Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.1977), writ denied 349 So.2d 885 (La.1977), cert. denied 434 U.S. 1068, 98 S.Ct. 1248, 55 L.Ed.2d 770 (1978). Coliseum Square Association v. The Board of Zoning Adjustments of the City of New Orleans, 374 So.2d 177 (La.App. 4th Cir.1979).
Appellant correctly contends that in order to reverse the Boards' finding the district court must find that the Board acted arbitrarily or capriciously, or abused its discretion. It is not necessary however that the trial court state such a finding in those exact words. Although the court did not specifically state that the Board abused its discretion, in determining that the plaintiffs met all of the requirements for a variance, that conclusion was certainly implicit in the trial court's statement.
Thus, we must determine whether the trial court was correct in its determination that the Board abused its discretion in denying the variance.
[A] trial court must afford a presumption of regularity to the decisions of the Board of Zoning Adjustments. While this presumption is rebuttable, a reviewing court cannot simply substitute its own judgment for that of the zoning board or other properly constituted administrative agency. A reviewing court must first determine whether the decision of the Board is supported by substantial and competent evidence. This court will not substitute its judgment for that of administrative tribunals in the absence of a showing by the complaining party that the administrative tribunal *1279 was arbitrary and capricious or that it abused its discretion.
State ex rel. Maple Area Residents, Inc. v. Board of Zoning Adjustments, 365 So.2d 891, 893 (La.App. 4th Cir.1978) (Footnotes omitted).
Art. 15 § 2.3 of the Comprehensive Zoning Ordinance for City of New Orleans, provides as follows:
The purpose of the "Variance" provision permits an applicant to apply for relief from the requirements of the letter of the Ordinance when unnecessary hardship or practical difficulty exists. The Board of Zoning Adjustments shall authorize Variances in harmony with the general purpose and intent of this Ordinance, consistent and in accord with the provisions of Article 13, Section 11 of this Ordinance, and also in accordance with the standards and procedures hereafter prescribed:
1. Standards for Variances. The Board of Zoning Adjustments shall not authorize a Variance from the requirements of this Ordinance unless it shall make findings based upon the evidence presented to it that each special case shall indicate all of the following:
a. Special conditions and circumstances exist which are peculiar to the land, structure, or building involved and which are not applicable to other lands, structures, or buildings in the same zoning district.
b. Literal interpretation of the provisions of this Ordinance would deprive the applicant of rights commonly enjoyed by other properties in the same district under the terms of this Ordinance.
c. The special conditions and circumstances do not result from the actions of the applicant or any other person who may have or had interest in the property.
d. Granting the Variance requested will not confer on the applicant any special privilege which is denied by this Ordinance to other lands, structures, or buildings in the same district or similarly situated.
e. The Variance, if granted, will not alter the essential character of the locality.
f. If the strict adherence to the regulation for the property would result in a demonstrable hardship upon the owner as distinguished from mere inconvenience.
g. The purpose of the Variance is not based exclusively upon a desire to serve the convenience or profit of the property owner or other interested party(s).
h. The granting of the Variance will not be detrimental to the public welfare or injurious to other property or improvements in the neighborhood in which the property is located.
i. The proposed Variance will not impair an adequate supply of light and air to adjacent property, or increase substantially the congestion in the public streets, or increase the danger of fire, or endanger the public safety.
Appellant argues that several of the above criteria (specifically a, c, h and i) have not been met and therefore that the Board correctly denied appellees' application for a variance. We agree with appellant that appellees do not meet standard (c). Standard (c) requires that "[t]he special conditions and circumstances do not result from the actions of the applicant or any person who may have or had interest in the property."
"A person who purchases land with knowledge, actual or constructive, of the zoning restrictions which are in effect at the time of such purchase, is said to have created for himself whatever hardship such restrictions entail." Anderson, American Law of Zoning, 2d Edition, Volume 3, § 18.42. Abel v. Zoning Bd. of Appeal of City of Norwalk, 172 Conn. 286, 374 A.2d *1280 227 (1977); Goslin v. Zoning Bd. of Appeals of Park Ridge, 40 Ill.App.3d 40, 351 N.E.2d 299 (1976). See Glickman v. Parish of Jefferson, 224 So.2d 141 (La.App. 4th Cir.1969).
Appellee, Anthony Sanchez testified at the district court level, that he knew before he bought the property that a variance would be required. Appellees were well aware that absent a variance the applicable zoning regulations would prevent them from constructing a residence. In our opinion appellees placed themselves in this predicament by choosing to ignore the zoning regulations, that choice resulted in the "special circumstances" (a substandard size lot) upon which they now base their claim to a variance. Under these circumstances we do not think appellees were entitled to a variance.
In response, appellees contend that the denial of a variance constitutes an impermissible "taking." We must disagree with that contention. The cases cited by appellees in support of that contention involve instances where the property was purchased prior to the passage of the regulation which prevented or limited the use of the subject property.[1] This factual difference highlights the primary problem with appellees' argument i.e., the contention that there was a "taking." The City did not in any form or fashion "take" appellees' property. Appellees were completely cognizant of the ordinance governing the required lot area. The appellees "took" a chance on obtaining a variance and they lost.
For the foregoing reasons the judgment of the trial court is reversed and the decision of the Board of Zoning Adjustments denying plaintiff's request for a variance from the Comprehensive Zoning Ordinance is reinstated. All court costs are taxed against plaintiffs.
Reversed.
NOTES
[1] Penn Central Transportation Co. v. City of New York, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978); Goldblatt v. Town of Hempstead, 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962); Pennsylvania Coal Co. v. Mahon, 260 U.S. 393, 43 S.Ct. 158, 67 L.Ed. 322 (1922).