(No. 39887.—

THE PEOPLE *ex rel.* Edgar T. Stephens *et al.,* Appellants, *vs.* DR. WALTER F. COLLINS, Appellee.

*Opinion filed October 28, 1966.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and PHILIP J. ROCK, Assistant Attorneys General, of counsel,) for appellants.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Edgar T. Stephens, relator, filed a complaint with the Department of Registration and Education of the State of Illinois, alleging that Walter F. Collins, a licensed dentist, had violated certain provisions of the Illinois Dental Practice Act. (Ill. Rev. Stat. 1957, chap. 91, pars. 56-72.) The complaint was heard by the Board of Dental Examiners which found Collins guilty of multiple violations of the act and recommended to the department that Collins's license to

practice dentistry be revoked. Collins's petition for rehearing was denied by the department, and an order was entered revoking his license. In an administrative review proceeding, the circuit court of Peoria County affirmed the department's order. On appeal the Appellate Court, Third District, reversed and remanded the judgment with directions that the department's order revoking Collins's license be modified to provide that his license be suspended for one year. (67 Ill. App. 2d 265.) We granted leave to appeal.

The facts are set out in great detail in the appellate court's opinion and will not be restated here. The Board of Dental Examiners' report included findings that Collins had violated the Dental Practice Act in several specific respects. The appellate court held that the evidence clearly supported these findings, and no issue is here raised as to that determination. The sole question raised on this appeal is whether the appellate court erred in its conclusion that the penalty of revocation of license recommended by the board and imposed by the Department of Registration and Education was too harsh.

It is well settled that the courts will not interfere with the discretionary authority vested in administrative bodies unless such authority is exercised in an arbitrary or capricious manner, or the administrative order is against the manifest weight of the evidence. E.g. *Dorfman* v. *Gerber,* 29 Ill.2d 191; *People ex rel. Woll* v. *Graber,* 394 Ill. 362; *Bruce* v. *Department of Registration and Education,* 26 Ill.2d 612; *Menning* v. *Department of Registration and Education,* 14 Ill.2d 553; *Harrison* v. *Civil Service Com.* 1 Ill.2d 137; *Investors Syndicate* v. *Hughes,* 378 Ill. 413.

The Dental Practice Act clearly provides that "[T]he Department of Registration and Education may refuse to issue or may suspend or may revoke any license now in force or that shall be hereafter given for any one or any combination of the following causes: * * *." (Ill. Rev. Stat. 1957, chap. 91, par. 62.) It is undisputed that Collins vio-

lated several of the "causes" set forth in the statute. Under the statute, therefore, the Department of Registration and Education clearly had the authority and power to revoke Collins's license. The question thus narrows to whether the department acted arbitrarily or capriciously in the exercise of this power. We think it did not.

It is clear that we are not here dealing with a "technical" violation of the act. (See *Dorfman* v. *Gerber*, 29 Ill.2d 191.) Rather, it is undisputed that Collins was guilty of substantial violations of the act governing the practice of dentistry. The department's decision to revoke the license was neither arbitrary nor capricious, and we are of the opinion that the appellate court's decision to reduce the punishment from revocation to suspension constitutes an unwarranted invasion of the department's discretionary authority.

The judgment of the Appellate Court, Third District, is reversed and the judgment of the circuit court of Peoria County is affirmed.

*Appellate Court reversed;*
*circuit court affirmed.*