C. O. Wedeberg, Petitioner-Appellee, v. Department of Registration and Education of the State of Illinois, Respondent-Appellant, and Edgar T. Stephens, Complainant-Relator, Appellant.

Gen. No. 10,941.

Fourth District.

May 23, 1968.

Rehearing denied June 20, 1968.

William G. Clark, Attorney General of the State of Illinois, of Chicago (John J. O'Toole, Robert F. Nix, and A. Zola Groves, Assistant Attorneys General, of counsel), and Peterson, Lowry, Rall, Barber & Ross, of Chicago (John R. Porter, of counsel), for appellants.

Casey and Casey, of Springfield, for appellee.

HANNAH, J.

This is an action arising under the Administrative Review Act (Ill Rev Stats 1965, c 110, § 264 et seq.) to review the decision and order of the Director of the Department of Registration and Education of the State of Illinois, denying the petition of C. O. Wedeberg, a formerly licensed dentist, for the restoration of his license theretofore issued in 1920.

Pursuant to proceedings under chapter 91, section 62, relating to Medicine and Surgery, the license of plaintiff was revoked on January 9, 1961. The proceeding for revocation of license was instituted upon a petition of one Edgar T. Stephens, filed July 6, 1959. A hearing was had thereon, evidence received, and by order of the director the license was revoked. No review of that decision was requested. We must, therefore, accept the correctness of that order. Our concern rests solely with the denial of plaintiff's petition for the restoration of his license.

On March 21, 1961, the plaintiff, pursuant to chapter 91, section 62e of the Statutes of Illinois, filed his petition for the restoration of his license, which was denied on October 3, 1961. From this order no further action was taken by the plaintiff. On March 1, 1965, plaintiff filed another application for the restoration of his license, pursuant to the statutory provisions and rules gov-

erning the same. It is to be observed that in his petition for restoration of his license the plaintiff did not join as a party defendant Edgar T. Stephens, who was the original complainant on petition for revocation of license. Complaint is made upon the part of the Department and Stephens as to the failure to join Stephens as a party defendant, it being contended he was a necessary party. This we will comment upon later. This petition, after hearing, was denied by the Department on July 22, 1965.

The plaintiff filed, in the Circuit Court, his petition for a review of the decision denying his petition. After a hearing the Circuit Court determined the plaintiff had been denied a fair hearing, and on April 6, 1966, reversed the administrative decision and remanded the cause for a new hearing.

Thereafter a new Special Dental Examining Committee was appointed to conduct a new hearing upon the petition for restoration, which board the plaintiff accepted with approval. That hearing was held on September 29, 1966, and evidence heard upon behalf of all parties. This special committee made its report recommending to the Director of the Department of Registration and Education that the petition for Restoration of License be denied. This recommendation was approved by the Director, by written and signed approval endorsed upon the report itself on January 13, 1966. The formal order was entered on the 8th day of March, 1967.

Summons for administrative review was filed and notice served on February 2, 1967. Hearing was had before the Circuit Court on May 16, 1967.

The Special Examining Committee, which conducted the hearing, found, among other things, that the plaintiff:

1. Used false and misleading advertising, in violation of paragraph 7 of sections 70, 72 and 72b of the Illinois Dental Practice Act (c 91, par 62, Ill Rev Stats)

2. Engaged in dental practice subsequent to the revocation of his license;

3. Sought to obtain dental practice in violation of the Illinois Dental Practice Act;

4. Subsequent to the revocation of license was indicted for the unlawful practice of dentistry without a license to which charges he entered a plea of guilty, and was fined;

5. Subsequent to the revocation of his license was indicted for contempt of court in attempting to influence a prospective juror, to which he pleaded guilty and was sentenced to 30 days in jail.

The Circuit Court reversed the administrative decision of the Department of Registration and Education, and remanded the cause with instructions that the plaintiff be restored his license. In his order the Court made certain findings, among them being that:

1. The violations of the Dental Practice Act and the contempt of Court charges, to which plaintiff pleaded guilty were not offenses involving moral turpitude;

2. The plaintiff was professionally competent to practice dentistry;

3. The Plaintiff had practiced 40 years prior to his revocation, and was a man of good moral character;

4. Since November 1, 1961, he had fully complied with the revocation order of January 10, 1961.

5. The plaintiff had rehabilitated himself and was entitled to the restoration of his license, and that the continued denial of his license is contrary to the mainfest weight of the evidence.

 This being a proceeding under the Administrative Review Act, this Court is, as was the Circuit Court, limited in the scope of its review by the provisions of the Act itself. Section 264, among other things provides:

455

> "The findings and conclusions of the administrative agency on questions of fact shall be held to be prima facie true and correct."

This means, in the language of the Supreme Court in People ex rel. Stephens v. Collins, 35 Ill2d 499, 221 NE 2d 254:

> "It is well settled that the Court will not interfere with the discretionary authority vested in administrative bodies unless such authority is exercised in an arbitrary or capricious manner, or the administrative order is against the manifest weight of the evidence."

In Bruce v. Department of Registration and Education, 26 Ill2d 612, 622, 187 NE2d 711, it is stated:

> "The findings of an administrative review agency are deemed prima facie true and correct and the courts may not reweigh the evidence or make an independent determination of the facts. However, the findings of an administrative agency must be based upon substantial evidence and if they are against the manifest weight of the evidence, these findings may be set aside."

Ours is not to reweigh and evaluate the evidence to see if we would reach the same conclusion as that reached by the Special Examining Committee and approved by the Director. We are limited to determining whether that conclusion was supported by substantial evidence, or was it contrary to the manifest weight of the evidence? There is little or no dispute as to facts. The evidence clearly establishes that the plaintiff had violated one or more of the rules and restrictions upon the practice of dentistry as defined in section 62 of chapter 91, Illinois Revised Statutes. It is admitted by the plaintiff that subsequent to the revocation of his license he engaged in a limited practice until about November,

1961, but thereafter did not so engage. He was convicted by plea of guilty to practicing without a license, and in connection therewith was also convicted of contempt of court for tampering with a prospective juror in connection with said charge prior to his plea.

We find no evidence of prejudice or bias upon the part of the Committee. While this Court is not called upon to review the sufficiency of the evidence to sustain the original revocation, we would observe that there was substantial evidence to justify the revocation. There is a striking similarity in the character of evidence here offered and that offered in the case of People ex rel. Stephens v. Collins, supra.

■ Our only concern here is whether, on the record, as presented upon the petition to restore the plaintiff's license, the denial of that petition was contrary to the manifest weight of the evidence, or was it arbitrary and capricious? The record upon the original hearing for revocation is of vital important consideration in the present hearing.

■ In the light of the evidence on the original hearing for revocation, does the manifest weight of the evidence heard upon the petition for restoration of license clearly sustain the circuit court's order of reversal? What additional evidence of the defendant's conduct, subsequent to the revocation, has been adduced that indicates such rehabilitation as would justify the restoration of his license? The right to practice dentistry is a valuable right that is a property right within the due-process-of-law clause of the constitution. But it is also a highly skilled profession which affects the life and health of man. For that reason the legislature has, in its wisdom, seen fit to place certain regulations upon it in the interest of humanity. Accordingly, those who seek to follow this honorable profession must honorably comply with those regulations. This, it was determined by the Department when it revoked his license,

the plaintiff did not do. Not only did he not do this, but it is admitted that after the entry of order of revocation on January 9, 1961, and after notice thereof to him, he openly defied the law by continuing in the practice of dentistry up and until about November, 1961. This he has admitted by his plea of guilty to the charge of practicing without a license. But of even greater gravity was his act of trying to influence a juror prior to his decision to plead guilty to the charges of practicing without license. Both of these acts occurred after the revocation of his license. They certainly indicated no penitence, reformation or rehabilitation. It is difficult to recommend for that honorable and responsible profession of dentistry one whose moral fibre is of that weak character that he would undermine the very foundation of our judicial structure by attempting to suborn a juror. What else do we have? He is 70 years of age, old enough to know and understand his obligation to society and the law. Two witnesses, R. E. Graeff and Louis L. Delano, testified in his behalf. Construing their testimony most favorably to the plaintiff, it is that they had known him a number of years, that he was regarded as a good dentist, and in their opinion bore a good character for integrity and as a law-abiding citizen. However, evidence of commission cannot be erased by mere opinion.

Based upon this record, was there substantial evidence to support the denial of his petition for restoration of his license? Was its denial due to prejudice or caprice? We see no evidence of the latter. We believe there was substantial evidence to support the denial of the petition, and that such denial was not contrary to the manifest weight of the evidence.

Some objection has been raised that Edgar T. Stephens, the original complainant, was not joined as a party defendant to petition for restoration of license. The original complaint was terminated by the order rev-

ocating the license. Its function was then fulfilled. The petition to restore the license is a separate action, its determination resting solely with the Department. We do not deem him a necessary party, and in the light of the determination here made no prejudice can result.

■ Some objection is made that the petition for review was filed prior to the entry of the formal order by the Director denying the prayer of the petition. The report and recommendation of the Special Examining Committee was approved in writing by the Director on the report itself on January 13, 1967. The formal order merely confirmed that which the Director had ordered in effect by his approval. The formal order neither added nor detracted from the approval of January 13, 1967.

Accordingly, it is the order of this Court that the order of the Circuit Court be reversed and set aside, and that the cause be remanded to the Circuit Court of Sangamon County with direction to set aside and vacate its order and to enter an order affirming the findings and order of the Department of Registration and Education.

Reversed and remanded.

TRAPP and CRAVEN, JJ., concur.