**PREFERRED RISK MUTUAL INSUR-
ANCE COMPANY, Plaintiff-
Appellant,**

v.

**MANCHESTER INSURANCE AND
INDEMNITY COMPANY et al.,
Defendants-Appellees.**

No. 71–1707.

United States Court of Appeals,
Seventh Circuit.

Argued June 13, 1972.

Decided Sept. 21, 1972.

Rehearing Denied Oct. 17, 1972.

Jack E. Horsley and Richard F. Record, Jr., Mattoon, Ill., for plaintiff-appellant.

Marvin W. Goldenhersh, E. St. Louis, Ill., Dale A. Cini, Ryan & Heller, Mattoon, Ill., for defendants-appellants.

Before FAIRCHILD and SPRECHER, Circuit Judges, and CAMPBELL,[*] Senior District Judge.

SPRECHER, Circuit Judge.

Preferred Risk Mutual Insurance Company appeals from a decision of the Eastern District of Illinois granting summary judgment in favor of Manchester Insurance and Indemnity Company in an action for declaratory judgment to determine the obligations of the two insurance companies toward the driver of an automobile involved in an accident.

The facts underlying this action are easily summarized. Dorothy Irene Hurst was the driver of an automobile which collided with a car driven by Eva Ruth Kious in Mattoon, Illinois, on November 19, 1969. Mrs. Kious alleged injuries, and in a subsequent action brought against Mrs. Hurst in an Illinois circuit court recovered $10,000 in damages plus interest and costs. The Ford station wagon driven by Mrs. Hurst was owned by Mrs. Hurst's nephew, Everett L. Martin. Martin was insured by Manchester Insurance Co. under a policy which originally insured not only the owner, but permissive users of the owner's vehicle. Mrs. Hurst has been found to have been such a permissive user. Mrs. Hurst also had insurance coverage under a policy issued by Preferred Risk Mutual. This policy protected the named insured against liability resulting from accidents with respect to a nonowned automobile. Preferred Risk does not deny its responsibility to pay part of the damages awarded to Mrs. Kious in the Illinois action, but insists that because its policy, as well as that of defendant Manchester, included an "other insurance" provision, both policies are "excess" provisions and Manchester is required to assume part of the burden.

Manchester denied any obligation under the Martin policy. It based its objection on an "endorsement" issued to Martin and said to be effective as of February 14, 1969. This endorsement eliminated the former "definition of insured," which included permissive users along with policy holders, and substituted a definition which limited coverage to the insured and his immediate family.

[*] Senior District Judge William J. Campbell of the Northern District of Illinois is sitting by designation.

The validity of this endorsement is the subject of this suit.

Ill.Rev.Stat. ch. 73, § 755(2) requires an insurance company to file with the state Director of Insurance any generally used endorsement prior to its use in Illinois. The Director of Insurance is required to examine the endorsement and if he finds "that it violates any provision of this Code, contains inconsistent, ambiguous or misleading clauses, or contains exceptions and conditions that will unreasonably or deceptively affect the risks that are purported to be assumed by the policy," to order the company to discontinue use of the endorsement.

In 1964, Manchester sought permission from the Department of Insurance to use the restrictive endorsement issued to Martin in 1969. On September 18, 1964, the Department of Insurance notified Manchester that the endorsement was not acceptable for use in Illinois and directed Manchester to discontinue using it. Manchester did not seek judicial review of this decision. On February 6, 1969, Manchester again sought permission to use the endorsement and immediately thereafter issued the endorsement involved in this suit. Permission was again denied, however, on April 18, 1969. A subsequent hearing was held by the Department of Insurance to determine whether Manchester should be fined for unauthorized use of the endorsement. On September 18, 1969, a decision was entered finding unauthorized use and willful violation of the Department directive, for which a fine of $500 was levied against Manchester. Manchester filed an action to review this decision in the circuit court of Sangamon, County, Illinois.

On March 9, 1971, then Chief Circuit Judge Creel Douglass of the Sangamon County circuit court issued an order staying the decision of the Illinois Director of Insurance pending a final determination of the action for judicial review. On April 6, 1971, Judge Douglass signed a further order, dated March 9, 1971, reversing the decision of the Department of Insurance and finding that the endorsement in question was not contrary to the Insurance Code of the state of Illinois nor any other Illinois statute. No reasons for this conclusion were given but the state did not appeal.

The present action was filed in the district court on November 16, 1970. Jurisdiction was based on diversity of citizenship. The district court found that there were no disputes as to material facts and that the only issue was the validity of the endorsement in terms of absolving defendant Manchester from any obligations arising out of the November 19, 1969, automobile accident.

The district court believed that it was bound by the Sangamon County circuit court's decision holding that the Director of Insurance had no authority to refuse Manchester's request to use the endorsement in question. We do not agree. In Brainard v. Commissioner of Internal Revenue, 91 F.2d 880, 883–884 (7th Cir. 1937), cert. dismissed, 303 U.S. 665, 58 S.Ct. 748, 82 L.Ed. 1122 (1938), we held that we were not bound to follow pronouncements of state law of state trial courts which are in apparent disagreement with decisions of state appellate courts. This decision was adhered to in Estate of Faulkerson v. United States, 301 F.2d 231 (7th Cir.), cert. denied, 371 U.S. 887, 83 S.Ct. 182, 9 L.Ed. 2d 121 (1962).[1]

---

1. After quoting and approving the *Brainard* decision, the court noted that in a proper case, "where the state court proceeding was adversary and not *ex parte;* where a hearing was had on the merits; where the question of law has been settled by the appellate courts of the state or where the judgment of an intermediate court may be fairly accepted as evidencing the law of the state; and where the judgment is not collusive" a federal court might be bound by the state court determination. This is clearly not such a case. To the extent that the state law has been determined by an appellate court it is contrary to the decision of the circuit court relied on here.

■ ■ The holding of the *Brainard* decision is compelling in the present situation for several reasons. In the first place, not only was the plaintiff in this action not a party to the state action, and thus without a right of appeal, but the Sangamon County circuit court's decision cannot be reconciled with Illinois appellate interpretations of the Illinois Insurance Code and the authority of the Director of Insurance under this statute. In Manchester Insurance & Indemnity Co. v. Strom, 122 Ill.App.2d 183, 258 N.E.2d 150, 152, petition for leave to appeal denied, 44 Ill.2d 584 (1970), a declaratory judgment action in which the same defendant sought a declaration that the endorsement in question here was valid, the Illinois appellate court stated that the Director of Insurance "clearly had the power to examine the automobile insurance policy forms intended for use by the plaintiff company within the State of Illinois, and to order the discontinuance of any provision found unacceptable." This statement, while perhaps intended as dicta,[2] is clearly in accord with Illinois law.

■ ■ The general policy of the state of Illinois in regard to construction of statutes conferring discretionary authority upon executive officers is stated in Woll, People ex rel. v. Graber, 394 Ill. 362, 68 N.E.2d 750, 755 (1946):

"The general doctrine is well established that an officer to whom public duties are confided by law is not subject to the control of the courts in the exercise of the judgment and discretion which the law gives to him as a part of his official functions; . . . Where a statute gives a discretionary power to an officer, upon his own opinion of certain facts, it is a sound rule of construction that he is the sole and exclusive judge of the existence of those facts. . . . The courts are careful of encroaching upon the discretionary power of a public officer, and if reasonable doubt exists as to the question of discretion or want of it, the courts will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer."

*Accord,* Stephens, People ex rel. v. Collins, 35 Ill.2d 499, 221 N.E.2d 254, 255 (1966). This policy is particularly persuasive when matters of public welfare are at stake. In Barber, People ex rel. v. Hargreaves, 303 Ill.App. 387, 25 N.E.2d 416, 420 (1940), the court held, regarding the business of insurance:

"[The Director of Insurance] is vested with authority to determine whether or not a company is complying with the Statute. . . . Being an executive officer his acts, within the scope of his authority, are not and should not be subject to review by the Courts. Any other rule might result in the Courts substituting their judgment for that of the Director.

"The legislature of this State has recognized the development of the business of insurance in this State and has determined the necessity of placing the control of such business in the hands of an executive officer in order to protect the public interest."

■ The statute under which the Director of Insurance found the Manchester endorsement to be unacceptable provides him with authority to take this action if the endorsement "contains exceptions and conditions that will unreasonably or deceptively affect the risks that are purported to be assumed by the policy." It was clearly within his discretion to find that an endorsement which unilaterally withdrew coverage from a large class of potential drivers of the insured's automobile "unreasonably

2. Defendant contends that the court merely held that the company was bound by the ruling of the Director of Insurance because no appeal was taken from that ruling.

or deceptively affected the risks that are purported to be assumed by the policy." His decision and the authority to make this determination are well supported by Illinois decisions.

██ Moreover, the circumstances of this case add force to our conclusion that the decision of the Sangamon County circuit court does not control the result here. At the time of the automobile accident, on November 19, 1969, the Director of Insurance had ruled that the policy endorsement could not be used in Illinois. Thus, whatever the ultimate determination by the courts on the prospective use of the endorsement, the policy which covered Martin at the time he permitted Mrs. Hurst to use his vehicle provided coverage for permissive users. It would be inequitable to retroactively apply a later decision in a way which would limit the expected risks of the insured.

Manchester argues that the Illinois statute and a stay of the Department of Insurance ruling granted by the Illinois circuit court nevertheless permitted the endorsement to go into effect prior to the accident, with continuing applicability on the accident date. We disagree.

The relevant Illinois statutory provision, Ill.Rev.Stat. ch. 73, § 755(2), provides that "[n]othing herein contained shall require a company . . . to obtain approval of such [endorsement] forms before the same are issued. . . ." Under Manchester's interpretation of this provision it could validly issue the endorsement in question, which would remain in effect until the close of all administrative and review procedures. This interpretation ignores the

construction of this statute given in Linkens v. Furman, 52 Ill.App.2d 1, 201 N.E.2d 645 (1964), and its particular applicability to the actions of the defendant Manchester. *Linkens*, like the instant case, involved a restrictive endorsement sent to a policy holder following a disapproval of the endorsement and a subsequent request for reconsideration. The Illinois appellate court rejected the insurance company's contention that, notwithstanding the earlier disapproval, all that it needed to do in order to legally use the endorsement was to refile its application for approval with the Department of Insurance, stating:

> "We are not persuaded that paragraph 755(2) should be construed to allow casualty insurance companies to issue endorsements binding on their insureds, *after* the Director of Insurance has expressly found the endorsement to be 'not acceptable for use in this State.' If such a construction were to prevail, the filing and examination provisions of paragraph 755(2) would be rendered ineffective to accomplish their evident function of public protection. When construing statutes, courts must presume the legislature intended to enact an effective law. A construction which would make the statute ineffective in operation therefore must be avoided. Pliakos v. [Illinois] Liquor Control Commission, 11 Ill.2d 456, 143 N.E.2d 47 (1957)." 201 N.E.2d at 648.

Manchester insists that this decision is inapplicable here because the Department of Insurance "invited" reapplication. The record does not support this contention.[3] Under established Illinois law, therefore, Manchester had no authority to issue the restrictive endorse-

3. The Department consistently adhered to its position that the endorsement was contrary to Illinois law. Even if it be assumed that the Department's "stay" of its rejection of the endorsement in February, 1969, could affect the rights of the parties here during that interval, the "stay" was only effective until September 18, 1969, when the Department made its final ruling on the matter.

ment to Martin without first obtaining approval by the Department of Insurance.

The fact that the Sangamon County circuit court entered an order staying the ruling of the Department of Insurance pending its review does not affect our belief that, under general equitable principles and controlling Illinois law, the insurance coverage on the day of the accident included protection for a permissive user. Judge Douglass' stay was not entered until March 9, 1971. The accident occurred on November 19, 1969. Furthermore, Judge Douglass did not have this case, or any other accident claim, before him at the time he entered the aforesaid order. It would be pure speculation to assume that if he had had such a claim before him, involving the just expectations of the parties who relied on the Department ruling and their insurance contracts, he would have entered this order.

In conclusion, we can find no basis for upholding the district court's decision finding that the restrictive endorsement issued by Manchester in February, 1969, was valid or effective as to Martin and Mrs. Hurst on the date of the accident. The district court judgment is accordingly reversed. In view of his decision, the district judge did not reach the question of apportioning liability between the two companies under excess insurance provisions in each policy. The case will be remanded for a hearing on this question as well as any additional issues which may remain to be decided.

The district court awarded $400 in attorney fees to defendant Eva Ruth Kious. Mrs. Kious was joined as an indispensable party defendant in the court below and judgment entered in her favor. This judgment is reversed. It follows that the basis for the award, that the action had been brought by Preferred Risk without probable cause, cannot be sustained.

Reversed and remanded with directions.