THE HOME INDEMNITY COMPANY, Plaintiff-Appellee, *v.* LOUIS LA BARBARA *et al.,* Defendants-Appellees—(PRESTIGE CASUALTY COMPANY, Defendant-Appellant.)

(No. 59219;

First District (4th Division)—May 22, 1974.

Greenberg, Ziv & McCarthy, of Chicago (Sherwin Greenberg, of counsel), for appellant.

McKenna, Storer, Rowe, White & Haskell, of Chicago (John C. Bartler and Robert S. Soderstrom, of counsel), for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an action for declaratory judgment brought by the Home Indemnity Company against the Prestige Casualty Company in the Circuit Court of Cook County. Also named as defendants were Louis and Marie La Barbara, Monroe Estes, a minor by John Estes, his father and next friend, and John and Verna Estes, individually.

The court entered judgment for Home against Prestige; denied Prestige's motion for summary judgment; found that Prestige owed coverage for Monroe Estes; found that Prestige had a duty to defend Monroe Estes in a suit filed by the La Barbaras against him for personal injuries allegedly sustained as a result of an automobile accident of January 24, 1970; and held that the exclusionary endorsement was null and void. The other defendants to the declaratory suit were voluntarily dismissed out, and Prestige alone has appealed.

The issue for review is whether the exclusionary endorsement contained in the policy issued by the Prestige Casualty Company is valid.

On January 24, 1970, Monroe Estes, a minor, was driving a car owned by his parents when it was involved in an accident with an automobile driven by Louis La Barbara. Both he and his wife claimed personal injuries and filed a lawsuit against Monroe Estes, Verna Estes and John Estes.

Prior to the date of the accident, Prestige had issued an insurance policy to John and Verna Estes which was subsequently modified on December 4, 1969, by an endorsement which excluded coverage to "any male driver under the age of 25; or by any unmarried female driver under the age of 25; or by any person for use to or from work." Based on this endorsement signed by John and Verna Estes, Prestige Casualty Company denied liability and coverage under the policy for the accident of Monroe Estes.

Home Indemnity Company, the uninsured motorist carrier of the La Barbaras, filed this action alleging the endorsement was invalid because of prior disapproval of the Director of the Department of Insurance. The plaintiff filed a motion for summary judgment which was granted, and Prestige Casualty Company appeals from that order.

On March 10, 1966, the Director wrote a letter to Prestige requiring that it "cease and desist" in the use of a blank restrictive endorsement form which contained language denying coverage followed by a blank for typing in the circumstances under which coverage is denied. On April 13, 1966, Prestige replied to the letter of March 10, to explain the

use of the endorsement and request that the Department file the endorsement. Enclosed in the letter was an example of an exclusionary endorsement of the type signed by John and Verna Estes. Both the letter of April 13 and the example were marked with the stamp of the Department of Insurance and contained the word "filed."

Prestige contends there was a lack of proof the March 10 letter referred to the endorsement involved in this case, and even assuming that the letter did refer to the endorsement in question, the Director approved it by marking it with a filing stamp. Section 143 of the Insurance Code (Ill. Rev. Stat., ch. 73, § 755) provides in part:

> "The Director shall require the filing of all policy forms issued by any company transacting the kind or kinds of business enumerated in Classes 2 and 3 of section 4. He may require, in addition thereto, the filing of any generally used riders, endorsements, application blanks and other matter incorporated by reference in any such policy or contract of insurance."

Prestige argues that when the Director disapproves the use of an endorsement, he is inviting the submission of a new endorsement or an explanation of the use of the original endorsement. By not replying to the letter of April 13, Prestige contends the Director accepted the explanation tendered in that letter and thereby approved the endorsement.

The defendant also claimed at the hearing that a letter of June 3, 1971, from the rate examiner of the Department to Prestige was relevant as being a part of a continuing correspondence and constituted a clarification of the earlier letters. That letter stated as follows:

> "To afford a permanent record regarding our understanding of this matter, we would like to reiterate our position.
>
> 1) An endorsement having the effect of excluding coverage for male drivers under 25 may be used if signed by the insured and if the endorsement is only applied to policy-holders which probably have such exposure. The endorsement is not to be attached to policies simply because of the rate class applied to that policy.
> 2) You are directed to cease and desist using this endorsement with additional commentary type which would have the effect of nullifying coverage for the automobile to be used driving to and from work. In no case will such an exclusion be acceptable."

From this letter Prestige concludes it had been previously authorized to use the under-25 exclusion signed by John and Verna Estes.

These arguments are not persuasive. There can be no doubt from the description in the letter of March 10 that the blank restrictive endorsement form to which it objected is the same as the one before us. Nor can it be inferred from the existence of a filing stamp on the letter of April 13

that the Director intended to ratify an endorsement he had recently condemned. Nowhere in the record is there an indication the Department invited the resubmission of the endorsement, and we believe the Director need not continue to issue "cease and desist" orders with respect to the same endorsement form.

Neither is the letter of June 3, 1971, helpful to the defendant's cause. Even though it condones the use of the under-25 exclusion in certain circumstances, it expressly prohibits the joinder of the under-25 exclusion with one denying coverage to one driving to and from work. The endorsement form signed by John and Verna Estes contains the prohibited joinder of exclusions.

■■ Next, the defendant claims that even if the endorsement form was prohibited by the Director, it did not violate the Insurance Code and the only ill effect on Prestige, in light of the Director's disallowance, would be the payment of a fine. (Ill. Rev. Stat., ch. 73, § 1058.) However, in the case of *Linkens v. Furman* (1964), 52 Ill.App.2d 1, the court held that casualty insurance companies are not allowed to issue endorsements binding on their insureds after the Director has expressly found the endorsement to be not acceptable for use in Illinois. The court stated:

> "If such a construction [of section 143 of the Insurance Code] were to prevail, the filing and examination provisions of paragraph 755(2) would be rendered ineffective to accomplish their evident function of public protection."

If Prestige had wanted to contest the decision of the Director ordering it to cease and desist from using the exclusionary endorsement, it could have followed the provisions of section 407 of the Insurance Code (Ill. Rev. Stat. 1969, ch. 73, § 1019) which provides for court review of the Director's orders.

The defendant relies on the case of *Allison v. Beechy* (1972), 4 Ill. App.3d 1096, for the proposition that an under-25 exclusion is legal in the State of Illinois. But in that case no cease and desist order had been issued by the Director, and for this reason that case is inapplicable to the one at bar.

■■ Prestige contends the terms of the endorsement did not violate the Insurance Code. Section 143(2) of the Code (Ill. Rev. Stat. 1969, ch. 73, § 755(2)) provides that the Director may object on the grounds the endorsement contains "inconsistent, ambiguous or misleading clauses, or contains exceptions and conditions that will unreasonably or deceptively affect the risks that are purported to be assumed by the policy \* \* \*." In this case coverage was withdrawn when the driver was a male under 25 or an unmarried female under 25 or if the car was being used to and

from work. We think in such a case the rationale of the case of *Preferred Risk Mutual Insurance Co. v. Manchester Insurance & Indemnity Co.* (7th Cir. 1972), 467 F.2d 1230, is applicable:

"It was clearly within his [the Director of Insurance] discretion to find that an endorsement which unilaterally withdrew coverage from a large class of potential drivers of the insured's automobile 'unreasonably or deceptively affected the risks that are purported to be assumed by the policy.' His decision and the authority to make this determination are well supported by Illinois decisions."

██ The facts of this case are undisputed and the lower court was correct in its ruling as a matter of law. For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO, P. J., and JOHNSON, J., concur.