Eugene Bock, Plaintiff-Appellee, *v.* Richard R. Long *et al.*, Defendants-Appellants.

(No. 55339;

First District—January 24, 1972.

Walter C. Wellman, of Lyons, and Kozlowski & Smith, of Chicago, for appellants.

M. J. Berkos, of Chicago, for appellee.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal from a judgment order of the Circuit Court of Cook County reversing the determination of the Board of Fire and Police Commissioners of the City of Hickory Hills (hereinafter "Board") that Eugene Bock be discharged from his position as police captain in the service of the City of Hickory Hills. On appeal it is urged (a) that the Circuit Court erred in reversing the decision of the Board in that said decision was supported by the evidence, and (b) that the judgment order entered by the court below fails to conform with the requirements of Ill. Rev. Stat. 1969, ch. 110, par. 275(3).

The proceedings against respondent were based upon charges of a statutory violation; to wit, Ill. Rev. Stat. 1969, ch. 43, par. 120 (14) which contains, *inter alia*, a prohibition against law enforcement public officials being in any way interested in the manfacture, sale or distribution of alcoholic liquor. That section provides:

§ 120   No license of any kind issued by the State Commission or any local commission shall be issued to:

(14) Any law enforcing public official, any mayor, alderman, or member of the city council or commission, any president of the village board of trustees, or any president or member of a county board; and *no such official shall be interested in any way, either directly or indirectly, in the manufacture, sale or distribution* of alcoholic liquor; (emphasis supplied)"

The record made before the Board established that while respondent was on leave of absence from his duties as police captain during the year 1968, his wife, Carol Bock, became licensed to operate and did undertake to operate as proprietor, a dramshop known as the New Hickory Lodge, located within the corporate limits of the City of Hickory Hills. The business had previously been operated by Mrs. Bock's mother, but the record does not reveal the nature of the transfer from mother to daughter, *i.e.*, whether by gift, sale or otherwise. No charges were filed against respondent as a consequence of his wife's operation of the dram-

shop until such time as he applied to return to active status. Mrs. Bock was the only person authorized to draw checks against the account of the New Hickory Lodge.

Mrs. Bock failed to comply with the terms of a subpoena for the books and records of the business and complainant elected to proceed without those materials. Both respondent and his wife testified that they did not know or could not recall whether the business in question was operated at a profit or loss during the year 1968. Their testimony did establish, however, that they had filed a joint federal income tax return for that year of which a "schedule C" indicating the profit or loss due to the operation of the business for that year was a part. Their testimony also established that since his wife had become proprietor of the New Hickory Lounge respondent had performed janitorial services and tended bar at the establishment on numerous occasions. He never received compensation for these services. Respondent also testified that during the course of 1968, he was employed as an electrician and later as a truck driver, naming the concerns which had given him employment.

The Board here contends that its determination that respondent was interested in the dramshop in violation of the statute was supported by the evidence and therefore should not have been disturbed. Respondent answers that the Circuit Court properly determined that the evidence heard by the Board establishing a marriage relationship between respondent and a dramshop proprietor, the fact of their filing a joint federal income tax return, and respondent's having provided gratis services to his wife as proprietor of the establishment to be insufficient to establish that he had an interest in the business within the meaning of the statute's proscription, and that the Board's finding to the contrary was against the manifest weight of the evidence. Therefore, they argue, the court's reversal of the determination of the Board was proper.

■■ The decision of an administrative body can, on review, be adjudged to be against the manifest weight of the evidence only where the opposite conclusion is clearly evident. *Carlisi v. Liquor Control Commission* (1969), 116 Ill.App.2d 350, 253 N.E.2d 560; *Legones v. Liquor Control Commission* (1968), 100 Ill.App.2d 394, 241 N.E.2d 499.

■■ We do not read the broad prohibition of the statute to be limited to interests which are proprietary in nature, but perceive the language to include non-proprietary pecuniary interests as well. Under this view of the statutory prohibition we must conclude that the evidence presented before the Board was sufficient to support its determination that respondent was possessed of a forbidden interest in the enterprise. To hold otherwise would be to close our eyes to the natural and probable sharing of assets and liabilities which constitutes a characteristic of the

694

family unit as it is known in our society. This conclusion is also sup-
ported by the testimony of both Mrs. Bock and respondent himself to
the effect that although he did not perform services of any kind for his
mother-in-law when she was the proprietor, he did provide services for
his wife as proprietor and did so without compensation.

■■ In conclusion, we are not unmindful of the underlying public
policy which prompted the passage of par. 120(14). The prohibitions of
that section would be rendered virtually meaningless if the courts failed
to recognize as evidence of the prohibited interest a marriage relation-
ship between a dramshop licensee and a person described in that section.
It is therefore ordered that the judgment of the Circuit Court be reversed
and the cause be remanded with directions that the decision of the Board
that respondent be discharged from his duties as police captain of the
City of Hickory Hills be affirmed.

In view of our disposition of the first issue raised by the Board we do
not deem discussion of the second to be necessary.

Judgment reversed and cause remanded with directions.

GOLDBERG, P. J., and BURKE, J., concur.