CHARLES HOLLISTER, Plaintiff-Appellant, *v.* JOHN NORTH *et al.*, Defendants.—(JOHN K. REED *et al.*, Defendants-Appellees.)

Fourth District   No. 13928

Opinion filed July 5, 1977.

Ronald Tulin, of Charleston, for appellant.

Drach, Terrell & Deffenbaugh, P. C., of Springfield, and William J. Warmoth, of Brainard, Bower & Kramer, of Charleston, for appellees.

Mr. JUSTICE MILLS delivered the opinion of the court:

A citizen and taxpayer, named Hollister, filed a declaratory judgment action.

Alleging a violation of section 3 of the Corrupt Practices Act (Ill. Rev. Stat. 1973, ch. 102, par. 3), the complaint charged that the board of education members named were involved in a conflict of interest because of the employment of their spouses as teachers in the school district, and then asked that the contracts between the board of education and the wives of the members of the board be declared null and void.

The trial court found that the interest alleged (the marital relationship) did not amount to an interest in violation of the statute.

We agree.

Two preliminary issues present themselves: whether the appeal should be dismissed because the case is moot, and whether the plaintiff has standing.

Mr. and Mrs. North were dismissed from the suit prior to appeal.

According to affidavits filed in this court: Mrs. Frazier has resigned from teaching; Mr. Frazier is no longer a member of the board; Mrs. Reed is currently on medical leave of absence and not teaching in the 1977-78 school year; and Mr. Reed's status is apparently unchanged. Defendants argue that, because of these changes, the case is now moot. In addition, they argue that the contract allegedly void—the one approved in August 1974—has been fully performed.

■■ If the question presented is of substantial public interest, the case may be decided even if it is moot in the normal sense. (*Johnson v. Board of Education* (1967), 79 Ill. App. 2d 22, 223 N.E.2d 434.) But three conditions are necessary: (1) the question must be of a public nature; (2) there must be a need for an authoritative determination for future guidance of public officers; and (3) the issue is likely to reoccur. *Hill v. Murphy* (1973), 14 Ill. App. 3d 668, 303 N.E.2d 208.

■■ All three of these conditions are clearly present to a great extent in this case: (1) whether a public officer is in violation of the conflict of interest laws is an issue greatly affecting the public good; (2) the particular situation alleged is quite highly likely to reoccur, even if it does not presently exist; (3) the uncertainty of the law on this question affects the confidence of the public in its elected officials and serves to discourage participation in our public institutions. Accordingly, the motion to dismiss the appeal is denied.

Defendants also argue that Hollister has no standing to bring suit. We disagree. Taxpayer suits to restrain illegal use or misappropriation of public funds have a long history in Illinois. *Jones v. O'Connell* (1914), 266 Ill. 443, 107 N.E. 731; see Mr. Justice Schaefer's dissent in *Droste v. Kerner* (1966), 34 Ill. 2d 495, 505-16, 217 N.E.2d 73, 80-85, for a recapitulation of that history.

The complaint here alleges that defendants' conduct is a breach of the fiduciary duty owed by public officials to the people they represent, in that it alleges a conflict of interest and public funds wrongfully expended in breach of the statute. This is unlike the situation in *Fuchs v. Bidwill* (1976), 65 Ill. 2d 503, 359 N.E.2d 158, where citizen-taxpayers did not have standing. In *Fuchs*, the money sought to be recovered was not from public funds, but rather bribes allegedly paid by private persons to legislators.

■■ Because Hollister, as a taxpayer, is seeking to have declared void a contract by which public funds are expended, he has the standing necessary to bring suit.

The major question raised by this appeal is whether the mere existence of a marital relationship creates, as a matter of law, a conflict of interest on the part of a member of a board of education when the spouse of the member is employed by the board.

The statute in question states:

> "No person holding any office, either by election or appointment under the laws or constitution of this state, may be in any manner interested, either directly or indirectly, in his own name or in the name of any other person, association, trust or corporation, in any contract or the performance of any work in the making or letting of which such officer may be called upon to act or vote. * * * Any contract made and procured in violation hereof is void." Ill. Rev. Stat. 1973, ch. 102, par. 3.

And section 4 of the Corrupt Practices Act makes violation of this provision a criminal offense. Ill. Rev. Stat. 1973, ch. 102. par. 4.

■■ The interest prohibited by the statute must be a pecuniary financial interest (*Panozzo v. City of Rockford* (1940), 306 Ill. App. 443, 28 N.E.2d 748), although it need not be proprietary. *Bock v. Long* (1972), 3 Ill. App. 3d 691, 279 N.E.2d 464.

First, defendants argue that the relationship alone does not create the prohibited interest and point to the statute which makes spouses legally separate persons in regard to contracts, earnings, separate property, etc. (Ill. Rev. Stat. 1973, ch. 68, pars. 1-21). Then plaintiff counters with those laws which create a duty that each spouse must support the other and their children (Ill. Rev. Stat. 1973, ch. 68, par. 24) and gives each spouse an interest in the property of the other at death (Ill. Rev. Stat. 1973, ch. 3, pars. 11, 16, now Ill. Rev. Stat. 1975, ch. 3, pars. 2—1, 2—8). But—say the defendants—those interests or financial duties are so speculative as not to create the prohibited interest *unless* there is an allegation of facts which tend to show those statutes are applicable to the particular spouses in question.

In *People v. Simpkins* (1977), 45 Ill. App. 3d 202, 359 N.E. 828, the fifth district was faced with a similar problem involving confict of interest and the marital relationship. The court in *Simpkins* discusses many of the cases which have been cited to us. As that court stated:

> "We think none of these cases weakens the general rule that the wife's interest is not necessarily the husband's interest, provided the contract is not a mere subterfuge for his own pecuniary interest. * * * The rule remains that 'the interest in a contract which disqualifies a public officer from executing such a contract in his official capacity * * * must be certain, definable, pecuniary, or proprietary.' (*Panozzo v. City of Rockford*, 306 Ill. App. 443, 456, 28 N.E.2d 748, [754] (2d Dist. 1940); L. Ancel, *Municipal Contracts*, 1961 U. Ill. L.F. at 370, 373.)" *People v. Simpkins*, 45 Ill. App. 3d 202, 208, 359 N.E.2d 828, 832.

Various conflict of interest laws have been enacted which specifically designate the interest here—marital relationship—as a prohibited one.

For example, section 11.1 of the Illinois Purchasing Act (Ill. Rev. Stat. 1975, ch. 127, par. 132.11—1) makes it unlawful for any person holding a State elective office to let a contract to anyone who is "the wife, husband or minor child of any such person." (See also Ill. Rev. Stat. 1975, ch. 63, par. 15.3; Ill. Rev. Stat. 1975, ch. 85, pars. 1523, 1575.) That the legislature can be so specific when it desires tends to throw doubt on plaintiff's contention that the broad terms of section 3 were meant to include the relationship alleged here.

■■■ Since the law provides that a married woman has the right to contract as if she were single, and a right to her earnings as her own separate property, we cannot find that a husband, as a matter of law, has an interest in his wife's contracts and earnings.

The judgment of the Circuit Court of Coles County must be affirmed.

Affirmed.

CRAVEN, P. J., and GREEN, J., concur.