PHILIPSBORN EQUITIES, INC., Petitioner, *v.* THE POLLUTION CONTROL BOARD *et al.*, Respondents.

First District (4th Division) No. 80-1921

Opinion filed March 26, 1981.

Defrees & Fiske, of Chicago (John M. Cregor, Jr., and Sarah M. Stegemoeller, of counsel), for petitioner.

Tyrone C. Fahner, Attorney General, of Chicago (Douglas P. Karp, Assistant Attorney General, of counsel), for respondents.

Mr. JUSTICE JIGANTI delivered the opinion of the court:

The petitioner, Philipsborn Equities, Inc. (Philipsborn), obtained a zoning ordinance amendment from the village of Barrington on February 19, 1973, which permitted it to construct a 391-unit apartment complex to be known as "Villages of Bent Creek in Barrington." The Illinois Environmental Protection Agency (EPA) issued permits to Philipsborn in October of 1973. These permits allowed Philipsborn to both construct and operate sanitary sewers for the entire project provided that construction be completed within two years. Philipsborn began construction early in 1974. However, late in 1974 construction was halted, apparently due to adverse economic conditions. The EPA permits expired.

Meanwhile, the village of Barrington was experiencing increasing difficulties with its sewage treatment plant. The plant was overloaded and discharging legally impermissible concentrations of contaminants. The EPA placed Barrington's sewage treatment plant on restricted status on April 14, 1976. Further, the sanitary collection system serving Philipsborn's project area was causing problems. The sewer was undersized and deteriorating due to age. The defects in the sanitary system caused the

flooding of residential basements and the overflow of raw sewage onto the ground. The village of Barrington implemented a program to upgrade the sewer system and sewage treatment plant.

Philipsborn filed a petition for variance with the Illinois Pollution Control Board (Board) on April 17, 1979. An amended petition was filed on September 19, 1979. A hearing was held on January 30, 1980. Philipsborn sought and was granted a variance to allow the issuance of permits for "construction only" of sewer connections to 60 apartment units and a variance to allow issuance of a permit to operate sewer connections to four model apartments. The Board denied Philipsborn's request that it be granted a variance to allow the issuance of permits to operate sewer connections for the remaining 56 apartment units conditioned upon the completion of those portions of Barrington's sewage improvement program which affected the project area (the Barrington Improvements). The Board found that the permit should not issue automatically upon the completion of the Barrington Improvements. Rather, operating permission would not be granted until the Barrington Improvements were actually completed and shown to be adequate.

■■■ The Board has the authority to grant a variance if it finds that compliance with any rule, requirement or regulation would impose an "arbitrary and unreasonable hardship." (Ill. Rev. Stat. 1979, ch. 111½, par. 1035.) The petitioner has the burden of proving arbitrary and unreasonable hardship. (Ill. Rev. Stat. 1979, ch. 111½, par. 1037; *Citizens Utilities Co. v. Pollution Control Board* (1972), 9 Ill. App. 3d 158, 289 N.E.2d 642.) The Board's findings on questions of fact are held to be *prima facie* true and correct. (Ill. Rev. Stat. 1979, ch. 110, par. 274; *Monsanto Co. v. Pollution Control Board* (1977), 67 Ill. 2d 276, 367 N.E.2d 684.) On review this court is limited to determining whether there is evidentiary support for the agency's decision, and that decision may not be reversed unless it is against the manifest weight of the evidence. (*Basketfield v. Police Board* (1974), 56 Ill. 2d 351, 307 N.E.2d 371.) To be against the manifest weight of the evidence, it must appear that opposite conclusions are "clearly evident." (*Keen v. Police Board* (1979), 73 Ill. App. 3d 65, 391 N.E.2d 190; *Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 377 N.E.2d 1297.) That an opposite conclusion might be reasonable is not sufficient to overturn the agency's ruling. *Keen*; *Tinner v. Police Board* (1978), 62 Ill. App. 3d 204, 378 N.E.2d 1166.

Philipsborn sought a variance which would become effective automatically, upon the completion of the Barrington Improvements. It contends that to deny this request imposed an arbitrary and unreasonable hardship and that for the Board to find otherwise is contrary to the manifest weight of the evidence. The hardship alleged is that once the Barrington Improvements are completed Philipsborn will have to bear

the costs and delay of a further variance proceeding. This hardship is allegedly unreasonable and arbitrary because Philipsborn presented "clear, convincing and unassailed evidence" that when the Barrington Improvements are completed the village of Barrington can safely and adequately treat the waste water from the village of Bent Creek.

■■ We do not believe it was against the manifest weight of the evidence for the Board to refuse Philipsborn's request that the permits issue automatically upon the completion of the proposed Barrington Improvements. The proposed improvements may ultimately prove to be inadequate. Although improvements to treat and transport raw sewage may seem adequate in theory at the time proposed, such improvements may prove deficient once implemented. (See *Springfield Marine Bank v. Pollution Control Board* (1975), 27 Ill. App. 3d 582, 327 N.E.2d 486.) Thus, any hardship to the petitioner cannot be viewed as unreasonable and arbitrary.

For the foregoing reasons the order of the Pollution Control Board is confirmed.

Confirmed.

ROMITI, P. J., and LINN, J., concur.