REGINA MONTGOMERY, Plaintiff-Appellant, v. THE DEPARTMENT OF REGISTRATION AND EDUCATION, Defendant-Appellee.

First District (5th Division)   No. 85—0571

Opinion filed July 18, 1986.

Earle A. Malin and Mark D. Olson, both of Chicago (Edward Grace, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Candida Miranda, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This appeal is from an order of the circuit court which affirmed the revocation of plaintiff's nursing license by defendant. Plaintiff contends that she was denied due process of law where the rules of the Department, and its actions pursuant thereto, provided inadequate discovery.

It appears from the record that plaintiff, a registered nurse li-

censed under the Illinois Nursing Act (Ill. Rev. Stat. 1981, ch. 111, pars. 3401 through 3437), was hired as the director of nursing at the Illinois Children's School Rehabilitation Center on July 1, 1980. In June 1981, Dr. Kiani, a licensed physician who had served as the part-time resident consultant to the school since 1976, returned to Iran for a four-week vacation which was extended for an additional week because he had difficulty returning from Iran. Dr. Kiani made no arrangements to obtain a replacement physician during his absence but he did meet with plaintiff several times before his departure to discuss the patients and their need for continuing medication. Plaintiff testified that Dr. Kiani told her to continue all sustaining medication but to contact a consultant at the University of Illinois Research Hospital if she noticed a change in any patient. Dr. Kiani testified that he did not give plaintiff those instructions but instead told her to call consultants before she ordered medication. Upon his return to the hospital, Dr. Kiani reviewed the medication orders with plaintiff and countersigned those written during his absence.

While Dr. Kiani was away, the superintendent of the school received complaints that plaintiff was ordering medication without the approval of a licensed physician. The superintendent made a preliminary inquiry but took no further action until Dr. Kiani returned, when the superintendent conducted a more formal investigation. He testified that he submitted a copy of his written report of the investigation to the Department of Rehabilitative Services but retained a copy in his office. In July 1981, the Department of Registration and Education began to investigate a complaint against Dr. Kiani for leaving the children without medical attention during his absence. The superintendent, who had been employed in that position for 14 years, was summarily terminated in 1982 and, despite his initial involvement in the situation, the Department did not contact him during its investigation of the complaint against plaintiff. In March 1983, the Department filed a complaint against plaintiff with respect to her actions during Dr. Kiani's absence. The complaint against Dr. Kiani was then dismissed, and he testified against plaintiff.

Plaintiff made certain discovery requests but the Department challenged them as beyond the scope of the discovery provided for in the departmental rules. The hearing officer denied plaintiff's motion for discovery to the extent that it went beyond such rules and, after a hearing, the committee on nursing recommended that plaintiff's nursing license be revoked. Plaintiff filed a petition for rehearing but the director denied the petition and revoked plaintiff's license as recommended by the committee. On administrative review the circuit court

affirmed the Department's decision, finding that it was not against the manifest weight of the evidence and that the discovery ruling was not improper as it was in accordance with the departmental rules. This appeal followed.

OPINION

Plaintiff contends on appeal that the Department's denial of her motion for production of witness statements and documents denied her due process. Plaintiff requested (1) a list of witnesses to be called both in her case and in that pending against Dr. Kiani; (2) copies of any statements which would be relative either to the investigation of the complaints filed against both her and Dr. Kiani; and (3) any other information in the control or possession of the Department which might be helpful to plaintiff.

Article X, section 10.01 of the Department of Registration and Education Rules of Practice, provides as follows:

"Section 10.01 Discovery

After initiation of a complaint, any party, upon written request made to the other party, at least three (3) business days prior to the hearing and within ten (10) days after service of the initial pleading, or within five (5) days after such service of an additional pleading, shall be entitled to:

(a) Obtain the names and addresses of witnesses whom the other party intends to call to testify at the hearing, and

(b) Obtain a list of all writing and documents which the party proposes to offer in evidence."

Based on this provision, the Department agreed to produce only a list of witnesses it intended to call at the formal hearing and argued that the other items on the production request were beyond the scope of the discovery required by the above departmental rule. At the preliminary hearing, the hearing officer agreed with the Department and ruled that discovery was limited to that provided for in the departmental rules.

■ Initially, we note that the Department does not deny that the administrative hearing held here was governed by fundamental principles and requirements of due process but instead argues that prehearing discovery is not constitutionally required in all cases, citing *Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 416 N.E.2d 1082, in support of its position. Although the court in *Scott* acknowledged a commentator's suggestion that an agency must provide certain prehearing discovery even in the absence of statutory requirements (see 84 Ill. 2d 42, 52, 416 N.E.2d 1082, citing K. Davis,

Administrative Law of the Seventies, sec. 8.15 (1976)), it held that the nature of plaintiff's interests in that case did not justify such a holding. The plaintiffs in *Scott* who sought to enjoin a hearing to remove them were part-time commissioners of the housing authority who served without compensation and were appointed for a fixed term with their removal provided for in the controlling statute. Despite the nature of plaintiffs' interest, however, the *Scott* court clearly indicated that there still existed a basic obligation to disclose exculpatory information. Furthermore, in cases involving professional licenses, this court has held that an agency is required to disclose evidence in its possession "which *might* be helpful to an accused." (Emphasis added.) (*McCabe v. Department of Registration & Education* (1980), 90 Ill. App. 3d 1123, 1131, 413 N.E.2d 1353, 1359, *cert. denied* (1981), 454 U.S. 838, 70 L. Ed. 2d 119, 102 S. Ct. 143; *Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 356, 377 N.E.2d 1297, 1301.) In *Wegmann* this court, while holding that such disclosure was required, found that the agency did not abuse its discretion in denying a request for discovery where: (1) the request was not diligently made; (2) plaintiff was not prejudiced by its denial; and (3) plaintiff was not handicapped in the preparation of his defense.

Here, there is no issue raised with respect to diligence but the Department does argue that "[s]ince the plaintiff did not actually dispute prescribing medication to the students, the Department's failure to disclose witnesses' statements did not prejudice her defense." From our review of the record, however, it does not appear that plaintiff admitted she "prescribed" medication for the students and we also observe that the Department is not very specific when it refers, in its brief and on oral argument, to "dispensing" and "prescribing" as if they were identical actions. We note that while the statutory definition of "professional nursing" excludes the act of *prescribing* therapeutic or corrective measures, which acts are properly performed only by physicians licensed in Illinois (Ill. Rev. Stat. 1981, ch. 111, par. 3405(1)), it also specifically includes the "administration of medications and treatments as prescribed by a licensed physician" (Ill. Rev. Stat. 1981, ch. 111, par. 3405(1)(c)). The Pharmacy Practice Act defines "prescription" to include "any order for drugs or medical devices, written or *verbal* by a physician." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 111, par. 4003(e).

■ Our review of the record indicates that the Department relied primarily, if not totally, on the fact that defendant continued medication orders for drugs which Dr. Kiani had originally prescribed for the

patients. The Department did not simply charge that plaintiff violated institutional policy with respect to the continued medications but instead charged plaintiff with a statutory violation of actually prescribing them. Because the abovementioned statutory definition indicates that a physician may verbally order a medication, a determination that plaintiff's actions constituted the "prescribing" of medication requires an extremely subtle characterization. Although we cannot say, in the light of the above discussion and the conflicting testimony with respect to this critical issue, that the Department's decision was against the manifest weight of the evidence, it does appear to us that the information which defendant refused to produce could have been helpful to plaintiff to support her position that she was continuing medication verbally ordered by Dr. Kiani, particularly the copy of the former superintendent's report of his investigation concerning plaintiff's conduct and any statements taken in the course of any investigations concerning complaints against either plaintiff or Dr. Kiani. Significant in this regard is the fact that the superintendent testified that Dr. Kiani told him during his investigation that what plaintiff had done "was all right."

■ While an administrative body possesses broad discretion in conducting its hearings, that discretion must be exercised judicially and not arbitrarily. (*Brown v. Air Pollution Control Board* (1967), 37 Ill. 2d 450, 227 N.E.2d 754; *Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 377 N.E.2d 1297.) In the face of the decisions listed above requiring agencies to disclose evidence in their possession "which might be helpful to an accused" we find that the refusal by defendant to provide the matter requested in the instant case solely on the basis of the Department's own rules without regard to whether it would have been helpful to plaintiff was abuse of discretion and we conclude that a new hearing should be conducted after discovery is provided.

For the reasons stated, we reverse the order of the circuit court and remand with directions to reverse the order of the Department of Registration and Education and remand this matter to the Department for a new hearing after discovery is provided consistent with this opinion.

Reversed and remanded with directions.

LORENZ and MURRAY, JJ., concur.