LAURENCE N. SMITH, Plaintiff-Appellant, v. DEPARTMENT OF REGISTRATION AND EDUCATION OF THE STATE OF ILLINOIS, Defendant-Appellee.

First District (3rd Division)   No. 87—2756

Opinion filed May 11, 1988.

42

Schain, Firsel & Burney, Ltd., of Chicago (Robert W. Fioretti, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff Laurence Smith appeals from the dismissal of his complaint which sought to enjoin administrative proceedings brought by defendant, the Illinois Department of Registration and Education (Department), against plaintiff. On appeal, plaintiff maintains that the Department's refusal to grant a subpoena for a discovery deposition at the administrative stage of this case violated his right to due process and therefore the trial court erred in not enjoining the administrative proceedings.

The Department filed an administrative complaint against plaintiff seeking the revocation, suspension or other discipline of his medical license in connection with his practice as a chiropractor. Plaintiff is the alleged owner and operator of Alpha-Care, a medical and chiropractic clinic. The administrative complaint alleged that plaintiff forged the name of Dr. Peter Chou on numerous claim statements submitted to various insurance companies seeking payment for services or treatments rendered to patients of Alpha-Care. Dr. Chou was employed by Alpha-Care. The complaint further alleged that the forged claim statements were false and fraudulent in that plaintiff knew they listed Dr. Chou to be the provider of the services when Dr. Chou never performed the services or treatments claimed therein.

At the first administrative hearing, the hearing officer denied plaintiff's request that a subpoena be issued for the discovery deposition of Dr. Chou. Plaintiff then filed the present complaint in the trial court to enjoin the administrative proceedings naming the Department as defendant. Specifically, the complaint sought a temporary restraining order and a permanent and temporary injunction enjoining the Department from prosecuting the administrative complaint unless and until a subpoena was issued to Dr. Chou for his deposition and his deposition was taken. The complaint also alleged that the hearing officer possessed the discretion to issue a subpoena for a discovery deposition, that Dr. Chou was apparently the sole witness against

plaintiff, and that failure to issue the subpoena was a violation of the plaintiff's right to due process. The trial court granted the Department's motion to dismiss plaintiff's complaint. The trial court found that plaintiff had not established a protectable right to prehearing discovery or an inadequate remedy at law.

In Illinois, a court will issue an injunction if the plaintiff has established the existence of a lawful right, that he will suffer irreparable harm without the injunction and that he has an inadequate remedy at law. (*Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 391 N.E.2d 489.) Before an injunction may issue, it must be shown that plaintiff seeks to protect a right that is certain and clearly ascertainable. *Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 391 N.E.2d 489.

In the present case, plaintiff attempts to equate a lawful right with a protectable property interest. We agree that plaintiff has a protectable property interest. A medical license is a property interest which deserves due process protection in an administrative proceeding. (*McCabe v. Department of Registration and Education* (1980), 90 Ill. App. 3d 1123, 413 N.E.2d 1353, *cert. denied* (1981), 454 U.S. 838, 70 L. Ed. 2d 119, 102 S. Ct. 143.) However, plaintiff has no constitutional right to a prehearing discovery deposition. (*Scott v. Department of Commerce & Community Affairs* (1981), 84 Ill. 2d 42, 416 N.E.2d 1082.) The rules of practice in administrative hearings dictate discovery in administrative hearings. (68 Ill. Adm. Code 110.5, 110.130 (1985).) The only depositions authorized by these rules are evidence depositions, which are permitted only upon agreement of the parties. 68 Ill. Adm. Code 110.130(h) (1985).

Additional statutory powers conferred upon the Department in the administration of laws regulating professions, trades and occupations give the Department the power to subpoena and bring before it any person in the State and to take testimony "either orally or by deposition, or both." (Ill. Rev. Stat. 1985, ch. 127, par. 60d.) We do not believe, however, that this statute authorizes a subpoena for a discovery deposition. The reference to deposition testimony relates to an evidence deposition to be used in the place of oral testimony and corresponds with the administrative rules giving the Department the subpoena power for the attendance of witnesses and the use of evidence depositions by agreement of the parties. Clearly, neither the rules of practice in administrative hearings nor the additional statutory authority of the Department provide plaintiff with a right to a prehearing discovery deposition. Nor do the rules allow the hearing officer in the present case the discretion to issue a subpoena for such a deposi-

tion. Accordingly, we find that plaintiff has not established a right to a discovery deposition and therefore has not shown the existence of an ascertainable right entitled to protection.

Furthermore, plaintiff has not shown an inadequate remedy at law. In this regard, plaintiff first contends that the particular administrative process is inadequate to protect his due process rights and thus is constitutionally flawed. We acknowledge that due process safeguards and protections apply to medical license revocation proceedings. (*McCabe v. Department of Registration & Education* (1980), 90 Ill. App. 3d 1123, 413 N.E.2d 1353.) Plaintiff maintains, however, that due process requires that the Department issue a subpoena for the discovery deposition of Dr. Chou. Plaintiff argues that because Dr. Chou is the sole material witness against plaintiff, refusal to allow this deposition would irrevocably prejudice him because of the inability of his counsel to rebut or impeach Dr. Chou's testimony and thus impair his ability to adequately defend the case.

The purpose of pretrial discovery is to aid the party in preparation and presentation of his case or defense, assuring the truth and to eliminate as far as possible surprise, so that judgments will rest upon the merits and not upon the skillful maneuvering of counsel. (*Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 377 N.E.2d 1297.) The need for discovery at the administrative level is the same. (*Wegmann v. Department of Registration & Education* (1978), 61 Ill. App. 3d 352, 377 N.E.2d 1297.) Here, plaintiff had available to him a list of all witnesses the Department intended to call, copies of all documents to be offered into evidence, and any investigative reports of the registrant used by the Department in the preparation of its case. (68 Ill. Adm. Code 110.130(b) (1985).) Generally, in all cases involving professional licenses, this court has held that an agency is required to disclose evidence in its possession which might be helpful to an accused. (*McCabe*, 90 Ill. App. 3d 1123, 413 N.E.2d 1353; *Wegmann*, 61 Ill. App. 3d 352, 377 N.E.2d 1297.) The rules of practice in administrative hearings were amended to include the requirement that the Department disclose any exculpatory information in the Department's possession. Exculpatory evidence is defined as any evidence which tends to support the registrant's position or to call into question the credibility of a Department witness. 68 Ill. Adm. Code 110.130(d)(1) (1985).

Plaintiff argues that the Department failed to consider whether Dr. Chou's deposition would be helpful to the preparation and presentation of plaintiff's defense. We find, however, that there is no indication in the record that the denial of plaintiff's request will

hinder the preparation of his defense. Nor does it appear that the purpose of prehearing discovery was thwarted or that the judgment of the Department would not rest on the merits.

Plaintiff claims to have no knowledge of the events charged in the administrative complaint. Yet in his pleadings, plaintiff offers information regarding office procedures. Plaintiff states that other office employees were authorized to sign claim forms, and that other professionals utilize the same procedures. Plaintiff also proffers the possibility that Dr. Chou is a disgruntled employee. Plaintiff appears to have anticipated the testimony of Dr. Chou. Even if Dr. Chou is the sole material witness against plaintiff, as plaintiff maintains, it is not evident that his inability to depose Dr. Chou will prejudice the defense of his case.

Plaintiff relies on *Montgomery v. Department of Registration & Education* (1986), 146 Ill. App. 3d 222, 496 N.E.2d 1100, where the plaintiff in the course of license revocation proceedings requested a list of all witnesses to be called both in her case and in a related case pending against a doctor, as well as copies of any statements which would be relative to the investigation of the complaints filed and any other information in the control or possession of the Department which might be helpful to plaintiff. The Department agreed to produce only a list of witnesses it intended to call at the formal hearing and argued that the other items on the production request were beyond the scope of the discovery required by the Department rules. This court reversed, finding that the Department's refusal to provide the requested matter on the basis of the Department's rules without regard to whether it would have been helpful to the plaintiff was an abuse of discretion. Thus, plaintiff here argues that a court may order discovery beyond the rules of practice in administrative hearings if the information sought would be helpful to plaintiff and that the hearing officer denied plaintiff's request without considering whether the information sought through Dr. Chou's deposition would be helpful to plaintiff's case.

It is important to note that in *Montgomery,* the plaintiff followed the administrative procedures and then sought judicial and appellate review. Further, there is no evidence here that the hearing officer did not consider whether any evidence in defendant's possession might be helpful to plaintiff. We believe that the Department knows of its obligation to provide plaintiff with any information which it believes would help plaintiff in preparation of his defense. We cannot say that failure to produce Dr. Chou for a deposition was a violation of plaintiff's right to due process.

██ ██ Furthermore, our supreme court has held that all administrative remedies must be exhausted prior to seeking equitable relief. (*Graham v. Illinois Racing Board* (1979), 76 Ill. 2d 566, 394 N.E.2d 1148.) The stated exceptions to this rule are where an ordinance or statute is attacked as unconstitutional in its entirety, where multiple remedies exist before the same administrative agency and at least one has been exhausted, where irreparable harm will result from further pursuit of administrative remedies (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737), or where it would be patently useless to seek relief before the administrative agency (*Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 383 N.E.2d 964). The theory behind this rule was enunciated in *Illinois Bell Telephone Co. v. Allphin*: the exhaustion rule allows the facts to be fully developed before the agency, gives the agency the opportunity to exercise its expertise, and obviates the need for judicial review should the aggrieved party succeed before the agency. The rule is also designed to allow administrative agencies to correct their own errors, clarify their policies, and reconcile conflicts before seeking judicial relief. *W. F. Hall Printing Co. v. Environmental Protection Agency* (1973), 16 Ill. App. 3d 864, 306 N.E.2d 595.

Plaintiff asserts that he was exempt from exhausting all administrative remedies in the present case because such action would lead to irreparable harm. In support thereof, plaintiff contends that an adverse decision in the initial administrative process would destroy his practice, a practice particularly dependent upon trust and integrity. Plaintiff further maintains that failure to grant the requested injunction will make an adverse decision even more likely because the witness at issue is the core of the case against plaintiff.

Plaintiff cites *National Account Systems, Inc. v. Anderson* (1980), 82 Ill. App. 3d 233, 402 N.E.2d 656, in support of his argument that he will suffer irreparable harm if forced to exhaust all administrative remedies. There, the court held that to subject the plaintiff to repeated rehearings, thereby draining its resources, would create a sufficient likelihood of irreparable injury. The present case is clearly distinguishable. The plaintiff in *National,* upon seeking the injunction, was to be subjected to a second rehearing after the hearing officer had held in its favor. The court held that with each rehearing the plaintiff would incur additional expenses. The plaintiff also had a constitutional challenge to the Department's procedure which allowed the director to order a second rehearing if the hearing officer found in favor of the plaintiff. The court noted that the plaintiff's constitutional challenge never would be heard if the director's final order is favor-

able to the plaintiff. While plaintiff here also has a constitutional challenge, he has not. yet submitted the underlying claim to the authority of the administrative agency.

■■■ The administrative rules provide that after the direct examination of a Department witness, but prior to cross-examination, the registrant is entitled to all investigative reports relating to that witness. (68 Ill. Adm. Code 110.130(g) (1985).) Rule 110.210(a)(6) allows plaintiff to seek a continuance, which, in the present case, could be sought after Dr. Chou's testimony in order to give plaintiff time to prepare for cross-examination. Upon exhaustion of all administrative remedies, the Code of Civil Procedure empowers the circuit court to review the entire record of the administrative proceedings, including all questions of law and fact, and any decision of the circuit court is subject to appellate review. (Ill. Rev. Stat. 1987, ch. 110, pars. 3—110, 3—112.) We believe that the administrative proceedings and judicial review provide plaintiff with an adequate remedy at law. If, after an administrative decision, it appears that the Department had information which would have been helpful to plaintiff, plaintiff is entitled to appeal on this ground. To issue an injunction at this stage would be premature and for this reason and the reasons stated we find that plaintiff has not shown an inadequate remedy at law. Accordingly, the trial court properly dismissed plaintiff's complaint on the basis that it failed to allege facts which sufficiently state a cause of action upon which an injunction may be granted.

Based on our holding that the trial court properly dismissed the complaint, we need not address the Department's contention that plaintiff's claim is barred by the doctrine of sovereign immunity.

For these reasons, the judgment of the circuit court of Cook County dismissing plaintiff's complaint is affirmed.

Judgment affirmed.

WHITE, P.J., and RIZZI, J., concur.